WILLIAM C. JOHNSON, Respondent, v. JAMES I. BROOKS, Impleaded, etc., Appellant.

A court of equity has jurisdiction to decree the specific performance of a contract concerning chattel property alone, and while generally it will not exercise it, it is proper so to do where plaintiff's case is good, his right clear, and the remedy at law inadequate or its enforcement attended with doubt or difficulty.

Plaintiff delivered to defendants B. & M., $3,000 under an oral agreement that they would use the money, or so much thereof, as should be necessary, with other funds in the purchase of certain shares of the capital stock and bonds of a mining company. If the purchase was made, said defendants agreed to deliver to plaintiff a specified number of shares, and bonds to an amount named. The purchase was subsequently made through defendant, the A. E. N. Bank, which received the bonds and stock. In an action to compel the delivery of the portion plaintiff was entitled to under the contract, it appeared that defendant B., who alone appeared and answered, was a non-resident. The trial court found that the stock was not easily purchased in the open market; that a judgment in damages would be inadequate, and that plaintiff was entitled to the relief sought. Held no error.

The contract was made in Massachusetts. It was claimed by B., that the contract was void under the statute of frauds of that State. (G. R. S. L. §§ 5, 6, title 6, chap. 105.) Held untenable; that plaintiff was not to be regarded as a mere purchaser, or B. a seller, but the latter assumed toward the former a fiduciary relation; also that the contract being susceptible of part performance, and having been performed by plaintiff, and partially by defendants, the said statute did not apply.

(Argued June 26, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

March 1, 1880, which affirmed a judgment in favor of plaint-
iff entered upon a decision of the court on trial at Special
Term.    (Reported below, 14 J. & S. 13.)

This action was brought to compel the performance of an
alleged oral contract between plaintiff and defendants Brooks &
Mefflin.

The material facts are stated in the opinion.

*William H. Arnoux* for appellant.    The court erred in de-
creeing specific performance on the finding " that the said stock
is not easily purchased in the open market, and that a judg-
ment merely in damages would not adequately protect the
plaintiff in his rights in the premises." (*Slocum* v. *Classon*,
1 How. App. Cases, 752; *Woodward* v. *Aspinwall*, 3 Sandf.
272, 274.)  Specific performance of a contract is confined to cases
where the legal remedy of damages is not a complete remedy,
and where a compensation in money is not adequate or practi-
cable.  (*Seymour* v. *Delancey*, 3 Cow. 446, 505.)    A court of
equity will decree specific performance of a contract on account
of damages at law being an insufficient remedy, where there
is something peculiar and specific in the subject of the contract
which cannot at all be represented by damages, and where the
measure of damages at law is uncertain or unascertainable,
owing to the contingent nature of the property, so that the
only method of giving the purchaser the exact value of his
purchase is to give him the thing itself.  (*Lady Arundell* v.
*Phipps*, 10 Ves. 139; *Falcke* v. *Gray*, 4 Drew. 658; *Thorn*
v. *Comm'rs of Public Works*, 22 Beav. 490; *Summers* v. *Bean*,
12 Gratt. 404; *Pusey* v. *Pusey*, 1 Vern. 273; *Fells* v. *Read*,
3 Vesey, 70; *Wright* v. *Bell*, Dan. 95; *Kirksey* v. *Fike*, 27
Ala. 383; *Neville* v. *Merchants' Ins. Co.*, 12 Ohio, 452;
*Woodward* v. *Aspinwall*, 3 Sandf. 272; *Mechanics' B'k* v.
*McLain*, Hempst. [U. S.] 245; *Robinson* v. *Cathcart*, 2
Cranch's C. C. 590.)    A contract for a chattel, not specific or
individual, but merely answering a general description as so
much merchandise or stock, is not decreed by a court of equity,
for the law gives what was the substantial object of the parties

in entering into the contract, viz. : a money profit. (*Ferguson v. Paschall*, 11 Mo. 267 ; *Scott v. Bellgeny*, 4 Miss. 119.) A Court of Chancery need not interfere to enforce specific performance of contracts relating to chattels, because chattels are not generally specific in the sense in which that word is used in a court of equity, and one article of the same character serves as well as another. (*Caldwell v. Myers*, Hardin, 551; *Madison v. Chinn*, 3 J. J. Marsh. 230 ; *Savary v. Spencer*, 13 Ala. 561; *Bubier v. Bubier*, 24 Me. 42 ; *Justices v. Croft*, 18 Ga. 473 ; *Roundtree v. McLain*, Hempstead, 245 ; *Waters v. Howard*, 1 Md. Ch. 112 ; *Dalzell v. Crawford*, 2 Penn. L. J. 17; *Ins. Co. of N. A. v. Union Canal Co.*, id. 65 ; *Hay v. Hansborough*, 1 Freeman's Ch. 533 ; *Nutbrown v. Thornton*, 10 Ves. 161; *Buxton v. Lister*, 3 Atk. 384; *Rudd v. Rutter*, 1 P. Wms. 570; 5 Vin. Abr. 538; *Cowles v. Whitman*, 10 Conn. 121 ; *Coppin v. Harris*, Bunbury, 135 ; *Ross v. U. P. R. R. Co.*, 1 Wool. [U. S.] 26 ; *White v. Schuyler*, 1 Abb. [N. S.] 300 ; *Cushman v. Thayer Manuf'g Co.*, 76 N. Y. 365.) Where the value has materially changed meanwhile, the court will refuse to interfere, and will leave parties to their remedy at law. (*Pratt v. Law*, 9 Cranch, 456 ; *Brasheer v. Gratz*, 6 Wheat. 528; *Holt v. Rogers*, 8 Peters, 420 ; *McNeil v. Magee*, 5 Mason, 244 ; *Garnet v. Macon*, 2 Brock. Marsh. 185 ; 6 Call. 308 ; *Cooper v. Brown*, 2 McLean, 495 ; Fonblanque's Eq. 45–48, notes, and 281, notes ; *Seton v. Slade*, 2 White and Tudor's Lead. Cas. in Eq. [4th Am. ed.] 1062 ; *Gale v. Archer*, 42 Barb. 320 ; *Dolnet v. Rothschild*, 1 Sim. & Stu. 590 ; *Brasheer v. Gratz*, 6 Wheat. 528; *Tomlinson v. Miller*, 3 Keyes, 317 ; *Trustees Columbia College v. Thatcher*, 87 N. Y. 311 ; *Adderly v. Dixon*, 1 Sim. & Stu. 612.) The evidence being that defendant had parted with the stock (whether before or after making the contract with plaintiff makes no difference) the court could not decree specific performance. (*Hatch v. Cobb*, 4 Johns. Ch. 559 ; *Kempshall v. Stone*, 5 Ch. 194; *Smith v. Kelly*, 56 Me. 364; *Cudd v. Rutter*, 1 P. Wms. 570 ; *Woodward v. Aspinwall*, 3 Sandf. 272 ; *Ballard v. Walker*, 3 Johns. Cas. 60 ; *Woodward v. Harris*, 2 Barb.

439 ; 2 Story's Eq. Jur., § 714.) The alleged contract sued upon is void under the statutes of frauds in both New York and Massachusetts, and confers no right upon the plaintiff. (*Dung* v. *Parker*, 52 N. Y. 494; *Cagger* v. *Lansing*, 43 id. 550; *Levy* v. *Bush*, 45 id. 589; *Tisdale* v. *Harris*, 20 Pick. 13; *Ferguson* v. *Ferguson*, 2 N. Y. 360; *James* v. *McKennon*, 6 Johns. 563; *Lyon* v. *Talmadge*, 14 id. 516; *Crocker* v. *Lee*, 7 Wheat. 522; *Kelsey* v. *Western*, 2 N. Y. 500; *Wright* v. *Delafield*, 25 id. 256; *Woodruff* v. *Dickie*, 31 How. 164.)

*Edward M. Shepard* for respondent. The contract of subscription was valid under the statute of frauds of Massachusetts, where the contract was made. (*Cole* v. *Clapp*, 127 Mass. 476; *Brown* v. *Phelps*, 103 id. 313; *Barrett* v. *Hyde*, 7 Gray, 160; *Durant* v. *Burt*, 98 Mass. 161; *Marsh* v. *Hyde*, 3 Gray, 331; *Thompson* v. *Alger*, 12 Metc. 428; *Brigham* v. *Mead*, 10 Allen, 245.) Mifflin's authority could not be revoked at any time after the contract was made, whatever may have been its nature, whether that of partner or agent. (*Rumery* v. *Syracuse Distillery Co.*, 27 How. 111; Story on Agency, §§ 466, 467.) The plaintiff was entitled upon the facts to a decree for specific performance. (Story's Eq. Jur., §§ 717, 717a, 724; *Cushman* v. *Thayer Manf. Co.*, 76 N. Y. 365; *Buckmaster* v. *Consumers' Ice Co.*, 5 Daly, 313; *Cowles* v. *Whitman*, 10 Conn. 121; *Cheale* v. *Kenward*, 3 De Gex & J. 27, 30; *White* v. *Schuyler*, 1 Abb. [N. S.] 300; *Dobret* v. *Rothschild*, Sim. & Stu. 590; *Duncaft* v. *Albrecht*, 12 Simons, 189; *Adderly* v. *Dixon*, 1 Sim. & Stu. 607, 610; *Forrest* v. *Elwes*, 4 Ves. Jr. 492, 497; *Express Co.* v. *R. R. Co.*, 99 U. S. 191, 200; 2 Story's Eq. Jur., § 728; *Stuyvesant* v. *Mayor, etc.*, 11 Paige, 414; *Barr* v. *Lapsley*, 1 Wheat. 151; *Storer* v. *Gt. W. Ry. Co.*, 2 You. & Coll. 48: *Wilson* v. *Furness R. R. Co.*, L. R., 9 Eq. 28.)

DANFORTH, J. The action was in equity, and the judgment requires the defendants Brooks, Mifflin and the American Exchange Bank to transfer to the plaintiff certain shares of the capi-

tal stock and bonds to the par value of $1,500 of Silver Islet
Consolidated Mining and Lands Company. From this judg-
ment Brooks alone appealed to the General Term of the Su-
perior Court, and is the sole appellant here. The trial court
found that at the commencement of the suit a sufficient quan-
tity of such stock and bonds was held by the bank, and Mifflin
was ready to deliver them to the plaintiff, but Brooks refused.
In his behalf many objections are made to the judgment in
question, and *First.* That the evidence does not warrant the
findings of fact upon which it rests. We have made a careful
examination of the testimony, in view of the criticism under
this point, and have no difficulty in agreeing with the learned
trial judge and the court at General Term that the testimony
may be fairly deemed of such quality, force and directness as
to warrant the conclusions of fact: First, that the stock
is of value; second, that it is not easily purchased in
open market; and third, that a judgment in damages would be
inadequate, if the plaintiff is entitled to any relief; and
bearing upon that question are the findings, "That the
defendants Brooks & Mifflin did, on the 27th day of Sep-
tember, 1878, at the city of Boston, in the Commonwealth of
Massachusetts, make an agreement with the plaintiff whereby
they received from him a subscription, according to the terms
of which, and the agreement, he was to pay to them $3,000 in
cash, and they *were to use said sum, or so much thereof as
might be necessary,* with other funds, in a purchase of certain
shares of the capital stock and bonds of the Silver Islet Con-
solidated Mining and Lands Company, and were from said
purchase, if the same should be completed by said Brooks &
Mifflin, to hold for said Johnson, and to deliver to him when
such purchase might be completed, from the shares and bonds
so purchased, one hundred and fifty shares of the capital stock,
and bonds to the amount of $1,500 on their face, of the said
The Silver Islet Consolidated Mining and Lands Company.

*Second.* That the plaintiff paid said sum of $3,000 to them
on the 28th day of September, 1878, and they received and

accepted the same under the terms of said agreement and sub-scription.

*Third.* That the defendant Brooks did, in his own name, on or about the 26th day of September, 1878, make an executory contract for the purchase of said stock and bonds, at the city of Detroit, in the State of Michigan, paying then in part pay-ment of the purchase-money, the sum of $5,000; afterward it was agreed that such contract should be carried out and con-summated in the city of New York.

*Fourth.* That the contract for the purchase and sale of the said stock and bonds was thereafter and on or about the 5th day of October consummated, and the said stock and bonds delivered and the purchase-money paid through the defendant, The American Exchange National Bank, which then received the said bonds and stocks; and that a large portion thereof, to a greater amount than is necessary to fulfill said subscription of the plaintiff, thereafter remained in the possession of the defendant bank until the commencement of this action, ex-cepting that the same was, for a part of the time, out of pos-session of the bank."

These findings also seem to us sustainable upon the evidence under any rule applicable to the jurisdiction of this court over questions of fact. (*Miller* v. *Levi*, 44 N. Y. 489.) It is, how-ever, claimed by the appellant, that the contract is to be con-strued as one governed by the laws of Massachusetts, and that it is void under the statute of frauds prevailing in that State. (Gen. R. S. L., tit. 6, chap. 105, §§ 5, 6.) But obviously the plaintiff is not to be regarded as a mere purchaser, or Brooks a seller. The plaintiff's money was advanced for investment in a mode specified, and the stock and bonds were to be allot-ted and delivered when the investment was made. The de-fendant undertook to act in the interest of the plaintiff and thereby assumed toward him a fiduciary relation, from the obligations of which the statute cited offers no immunity, and the enforcement of which is the peculiar province of a court of equity. Moreover, the contract, although not in writing, was susceptible of a part performance, and was performed by

the plaintiff; he advanced, and the defendant received, the money which formed the consideration of his undertaking, and which indeed he has also partly executed by procuring the stock and bonds in question; there is no reason, therefore, why he should not fully execute the agreement by delivering over the stock and bonds to the plaintiff, for whose benefit they were procured. (*Stanton* v. *Percival*, 5 H. L. Cas. 257; *Cowles* v. *Whitman*, 10 Conn. 121; *Kimball* v. *Morton*, 1 Halst. Ch. 26.) It is true the plaintiff has no title to specific shares or bonds which he could assert at law, but that only furnishes an additional reason for asking equitable relief.

Nor is it material that the complaint does not in terms give to the defendant the character of trustee. It is embraced within the proof, and only a general objection to the sufficiency of the plaintiff's case was made at the trial. Had it been otherwise an amendment would, no doubt, have been allowed. As the case stands the variance is unimportant.

It is in the second place objected, that even under these findings of the court, the plaintiff is not entitled to specific performance. But while it may be conceded that in general a court of equity will not take upon itself to make such decree where chattel property alone is concerned, its jurisdiction to do so is no longer to be doubted, and it is believed that no good reason exists against its exercise in any case where compensation in damages would not furnish a complete and satisfactory remedy. (*Phillips* v. *Berger*, 2 Barb. 609; *Cushman* v. *Thayer Manuf. Jewelry Co.*, 76 N. Y. 365; 32 Am. Rep. 315; Pomeroy on Specific Performance, §§ 16, 17, 18; Story's Eq. Jur., §§ 716–731.) Indeed, this learned author (id., § 717*a*) says: "It is against conscience that a party should have a right of election whether he would perform his covenant or only pay damages for the breach of it; but, on the other hand," he adds, "there is no reasonable objection to allowing the other party who is injured by the breach, to have an election either to take damages at law, or to have a specific performance in equity." These views have not been fully adopted by the courts, but their equitable jurisdiction has been greatly ex-

tended in cases either of express or constructive trusts in rela-
tion to chattels (Pomeroy, *supra*, § 14), and the present case
is within the principle upon which many others stand (*Stanton*
v. *Percival*, *Cowles* v. *Whitman*, *Kimball* v. *Morton*, *supra*),
and cannot be excluded from the rule governing cases relating
to land upon the mere difference between real and personal
estate.

It is needless, however, to pursue this inquiry further, for
the appellant cannot get over the fact that he obtained the
shares and bonds under circumstances which prevent him from
setting up ownership as against the plaintiff, and impose upon
him at least a *quasi* fiduciary relation which he cannot avoid
without the consent of the real owner. For the same reason
it is impossible to find any merit in the appellant's objection
to the interference of the court, because the property has risen
in value. It was purchased with the plaintiff's money and
with its increase belongs to him, and whatever its value may
be, he is entitled to the subject of his agreement. To obtain
such relief through the interposition of a court of equity, it is
enough that the plaintiff's case is good, his right clear, and the
remedy at law defective (*Cushman* v. *Thayer Manuf. Co.*,
*supra*), or its enforcement attended with doubt or difficulty.
Here the court has also found that Brooks is a non-resident of
this State, and even assuming the case to be one (as I do not
think it is) of doubtful equity, it could not be expected that
any court would send its suitor to a foreign tribunal, when
the defendant is within its own jurisdiction with property in
hand wherewith to perform his obligation. As we find no
reason to disturb the findings of fact made by the trial court,
neither do we find error in their conclusion of law.

It is also argued by the learned counsel for the appellant that
the trial judge erred in several respects upon the trial, and at
its conclusion in refusing to find as requested by the defend-
ant. The questions referred to, as well as the other points
made by him, have been considered. They were not thought
material by the General Term, and we find none which either

requires reversal of the judgment, or, from its importance, merits discussion.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Judgment affirmed.