BEDFORD v. AMERICAN ALUMINUM & SPECIALTY CO. et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. CORPORATIONS—TRANSFER OF STOCK—CONTROL—EQUITABLE ACTION.

Where the total stock of defendant corporation consisted of 400 shares, and plaintiff had surrendered his certificate of 200 shares to obtain other certificates of smaller denominations, and certificates were given him for 150 shares, on refusal to transfer the remaining 50, an equitable action can be maintained to compel the transfer of such remaining shares; it appearing that defendant, as owner of 200 shares, with the 50 shares taken from plaintiff, could control the corporation, which might be disastrous to plaintiff.

2. SAME—INJUNCTION PENDING SUIT.

Under Code Civ. Proc. § 603, providing that an injunction may be granted to restrain the doing of an act pending suit which would produce injury to plaintiff, where the total stock of defendant corporation consisted of 400 shares, and plaintiff had surrendered his certificate of 200 shares to obtain other certificates of smaller denominations, and certificates were given him for 150 shares, and transfer of the remaining 50 shares was refused, the transfer of such shares to some one else will be enjoined pending an equitable action to compel their transfer to plaintiff.

Appeal from special term, New York county.

Action for an injunction by George P. Bedford against the American Aluminum & Specialty Company and others. From an order denying such injunction, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Charles De H. Brower, for appellant.
Charles H. Broas, for respondents.

RUMSEY, J. It appears that the stock of the American Aluminum & Specialty Company consisted of 400 shares, of which, upon the original organization, the plaintiff was the owner of 200; thus substantially giving him a veto upon any change in the organization of the company. His complaint alleges that the plaintiff and William Hillman and George W. Hillman were the directors of the company; that, after the plaintiff had received his certificate for the 200 shares, he surrendered it to the other directors for the purpose of having other certificates made out, of smaller denominations; that the defendants Hillman have given him certificates for 150 shares, and have refused to give him a certificate for the remaining 50, they claiming that he had given 50 shares of his 200 to be sold for the benefit of the corporation, and that William Hillman had done the same thing, and that 24 of those shares had been sold to a third party. The relief that the plaintiff asks is that the defendants be required to transfer to him the 50 shares of stock, and be restrained from transferring them, or from issuing certificates therefor, to any one except the plaintiff, and other relief.

It appears from the papers that the two Hillmans had owned 200 shares, and that, with the 50 shares taken from the plaintiff, it is probable that they, with the transferee of what they call the "treasury stock," would control the corporation; and it is quite apparent that such control might be disastrous to the plaintiff. There is reason,

therefore, why the plaintiff should seek to maintain an equitable action to compel the transfer of the shares to him, because otherwise he would be put in a distinct minority of the stockholders of the corporation, and be subject to the control of those who, under the claim he makes, own no more stock than he. Under such circumstances an equitable action may be maintained. Cushman v. Jewelry Co., 76 N. Y. 365; White v. Price, 39 Hun, 395. It is evident, too, that if the defendants, during the pendency of this action, are permitted to transfer the shares to some one else, the very evil which the plaintiff seeks to avert may happen to him; and therefore in view of these facts, and the provisions of section 603 of the Code of Civil Procedure, authorizing the restraining of an act, the continuance of which during the pendency of an action would produce injury to the plaintiff, it seems to us that this case is a proper one for the granting of a temporary injunction; and the order refusing it should be reversed, with $10 costs and disbursements, and a temporary injunction granted, with $10 costs. All concur.