### NEW HARTFORD CANNING CO. v. BULIFANT et al.

(Supreme Court, Appellate Division, Fourth Department. December 2, 1902.)

1. INJUNCTION—SALE OF PERSONALTY.

> One who has agreed to sell and deliver canned corn cannot be enjoined from selling to another, there being a dispute as to how much the contract requires to be delivered, though the purchaser alleges irreparable injury; the facts simply showing liability in damages for failure to deliver, which can be measured in an action at law.

Appeal from special term, Oneida county.

Action by the New Hartford Canning Company against Isaac Bulifant and another. From an order modifying an original order granting a temporary injunction, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles E. Rushmore, for appellants.
Richard R. Martin, for respondent.

SPRING, J. On the 12th day of September, 1900, the defendants agreed to sell and deliver to the plaintiff 5,000 cases of canned corn at 70 cents per dozen cans, subject to 75 per cent. delivery in case the pack was short. On September 19th the defendants wrote the plaintiff that they would be unable to deliver more than 75 per cent. of the corn, and that portion they desired to deliver promptly. The plaintiff

¶ 1. See Injunction, vol. 27, Cent. Dig. §§ 16, 111, 114.

replied by letter dated September 23d, stating, "We decline to have our contract prorated to seventy-five per cent. of the purchase." In answer the defendants wrote another letter to the plaintiff, referring to the refusal of the latter to accept the corn, and to the offer on the part of the defendants to deliver the 75 per cent., and stated that, their offer "having been rejected by you, we feel that our obligation in the matter ceases." The plaintiff, in an answering letter of September 27th, insisted upon full performance, and threatened "an action for damage" unless a full delivery of the goods was made, and within a short time commenced this suit in equity to enforce the contract specifically. A temporary injunction order was granted by the county judge of Oneida county ex parte, enjoining the defendants from selling 5,000 cases of corn which were in possession of a packing firm in Westminster, Md. This order was modified by the special term order appealed from, which restricts the injunction to sell to 2,588 cases of corn.

We think the order should be reversed. There is an adequate remedy at law. If the plaintiff is correct in its interpretation of the facts, there is, at best, a breach of contract, for which the defendants may be liable to respond in damages. An action in equity is therefore unnecessary and improper. Pennsylvania Coal Co. v. Delaware & H. Canal Co., 31 N. Y. 91; Western R. Co. v. Nolan, 48 N. Y. 513. The facts set forth in the complaint upon which the allegation of irreparable injury rests simply show that the defendants may be liable in damages for failure to deliver goods on their part. These damages can be measured in an action at law, and do not comprise the injuries which authorize the intervention of a court of equity, with enjoining orders, to prevent the disposition of personal property of this character. McHenry v. Jewett, 90 N. Y. 58. The bare allegation of irreparable injury is insufficient to uphold the injunction. High, Inj. par. 34. The facts must show that the injury cannot be repaired,— estimated in money. While the power of the court to enjoin the transfer of personal property is undoubted (Lighthouse v. Bank, 162 N. Y. 336–343, 56 N. E. 738), its exercise is usually asserted in restraining the transfer of shares of stock or kindred property whose composition remains unchanged (Johnson v. Brooks, 93 N. Y. 337). It is quite unusual to tie up a transfer of personal property, which, like this in controversy, will deteriorate in quality. The letters which passed between the parties show that the defendants were willing to deliver 75 per cent. of 5,000 cases,—the quantity stipulated for delivery by the agreement. The defendants declined to receive this, apparently insisting upon the full shipment, or not any. By the present injunction order the defendants are restrained from delivering 2,588 cases, which is less in quantity than they were willing to deliver; that is, the defendants are restrained from delivering or selling to others the corn they tendered to the plaintiff, and which the latter declined to receive. While on this motion we do not intend to pass upon the merits involved, to the extent of holding plaintiff may not recover at all, yet its right to maintain this action is sufficiently doubtful, so that we are not disposed, as the record appears, to sustain the injunction order pending the suit. The order should be reversed, with

$10 costs and disbursements, and the motion to vacate the preliminary injunction granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.