(86 App. Div. 540.)

BATEMAN v. STRAUS et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. SPECIFIC PERFORMANCE—COMPLAINT.

A complaint alleged a contract whereby defendants agreed to deliver plaintiff a certain per cent. of the amount of the capitalization of a corporation to be formed; that the corporation had been formed, but delivery of any of the stock to plaintiff had been refused, as well

as payment of the amount of the par value of the stock; and it was prayed that defendants be ordered to deliver the stock or the par value thereof. *Held,* that the complaint might be treated as one in equity to compel specific performance.

**2. SAME—CONTRACT RELATIVE TO PERSONALTY.**

A complaint for specific performance of contract to convey stock not having alleged that the stock had any peculiar value, or that the computation of its value was difficult, and there being nothing to show lack of adequate remedy at law, specific performance of the contract would not be decreed.

Appeal from Trial Term, Kings County.

Action by Harry O. Bateman against Mark J. Straus and another. From a judgment overruling a demurrer to the complaint, and from an order denying a motion to make the complaint more definite and certain, defendant Straus appeals. Judgment reversed, and appeal from order dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Benjamin Tuska, for appellant.

Charles S. Simpkins, for respondent.

HOOKER, J. The plaintiff in his complaint alleges that on the 8th day of December, 1899, and for some time prior, the defendant Mc-Lean had been and was then the owner of a certain device for "propulsion" purposes; that he was without funds to develop it, and was desirous of procuring and receiving the services of one Everett D. Barlow, an attorney at law, to introduce him to some person who would undertake to furnish money to place his device on the market for commercial purposes, which facts were well known to defendants; that said Barlow was acquainted with Straus, who was then and is now a man of large means, and that said defendant Straus was desirous of being introduced to the defendant McLean by said Barlow, for the purpose of making the contract thereinafter stated; that an introduction of the defendants by said Barlow followed; that on the 8th day of December, 1899, the defendants entered into an agreement in writing with Everett D. Barlow, whereby, in consideration on behalf of said Barlow of his introduction of McLean and the defendant Straus, and services to be performed by said Barlow, the parties thereto agreed that said defendant McLean was the owner of said invention, and was desirous of obtaining $2,000 to develop it; on behalf of defendant Straus it was agreed that in consideration of his advancing $2,000, to be deposited with the defendant Barlow for the joint benefit of the defendants and the said Barlow, which sum was to be for expenses in testing said device, $1,000 to be paid on the signing of said agreement, the said Barlow and McLean were to undertake to develop said invention to the satisfaction of the said defendant Straus, and, when said device was developed to said Straus' satisfaction, said Straus was to pay to said defendant McLean the sum of $3,000, and also any balance which was in Barlow's hands unexpended; that this was also a part of the consideration for said McLean and said Barlow entering into said contract. The complaint also alleged that Barlow was to hold the $2,000 so paid to him by Straus,

to be used in defraying the expenses of testing said device, as well as the expenses of obtaining the patents; that said defendant McLean was to apply at once for patents; this was done, and the expense thereof defrayed from the funds in the hands of Barlow; that, in consideration of the money advanced by the said Straus, he was to be reimbursed by the formation of a corporation by the defendants, and Barlow and the defendant McLean were, on payment of $1,000, to assign $^{49}/_{100}$ in the patent to be obtained and all future patents to said Straus, and $^2/_{100}$ to some one in escrow, and the defendants and said Barlow were all to assign to some corporation to be formed; that the motor was tested to Straus' satisfaction, and defendants assigned all their interests to the Standard Rotary Motor Company, without Barlow's knowledge, consent, or authority, and in violation of said agreement. The plaintiff also alleges that the capital stock of the Standard Rotary Motor Company is $1,000,000, par value, and the defendants are directors, and Straus is its president; that the defendants promised and agreed in said contract that Barlow should be entitled to receive for his services as attorney, rendered to the defendants in bringing them together for the purpose thereinbefore stated, 5 per cent. of the amount of the capitalization of the company in the stock thereof; that said Barlow was also entitled to receive, as trustee, the sum of 5 per cent. on the capitalization of said corporation so formed by the defendants herein; that defendants have omitted to perform their part of the contract, and Barlow has fully performed on his part; that Barlow transferred all his claims under said contract to the plaintiff, who before the commencement of this action demanded of defendants the delivery to him of 10 per cent. of the capital stock of the said Standard Rotary Motor Company, or payment of $100,000, the par value of the stock, all of which was refused by defendants.

To this complaint the defendant Straus interposed a demurrer, which was overruled, and from the interlocutory judgment entered upon that decision he appeals.

The respondent states in his brief that the action is for specific performance to compel defendants to deliver the stock, or, in lieu thereof, that plaintiff may have judgment for $100,000. I think that we may take him at his word, and treat this complaint entirely from the standpoint that it is an action in equity to compel specific performance; nor do we think those words of his brief were inadvertent, or misstated the fact relative to his pleading. His demand for judgment is that the defendants be ordered and decreed to deliver to the plaintiff 1,000 shares of the capital or preferred stock of the Standard Rotary Motor Company, or, in lieu thereof, that the plaintiff may have the sum of $100,000, the amount of the capital or preferred stock of the said corporation, as damages, which the plaintiff is entitled to receive for the withholding of said stock from him, together with such other and further judgment as may be proper. It has been held that a formal demand for relief, with which the complaint concludes, is not conclusive as to whether the character of the action is legal or equitable; but, where the complaint sets forth facts which may support equally an action at law or in equity, its character is determined by

the relief demanded.   O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371.

The question before us is, then, whether, upon the facts pleaded, an action for specific performance for $100,000 worth of this stock will lie. It is not to be doubted that equity may decree the specific performance of a contract of chattel property. Danforth, J., speaking for the court in Johnson v. Brooks, 93 N. Y. 337, says:

"But while it may be conceded that in general a court of equity will not take upon itself to make such decree where chattel property alone is concerned, its jurisdiction to do so is no longer to be doubted, and it is believed that no good reason exists against its exercise in any case where compensation in damages would not furnish a complete and satisfactory remedy."

Jurisdiction of a court of equity to enforce specific performance of a contract relating to personal property, though rarely exercised, cannot be denied, and may be exercised "where compensation in damages would not furnish a complete and satisfactory remedy." But the granting of this relief rests in the sound discretion of the court, and cannot be demanded as a right. Matter of Petition of Argus Company, 138 N. Y. 557, 34 N. E. 388. Equity will only interfere where the law affords no remedy, or where compensation and damages would be difficult, if not impossible, owing to the fact that "the matter was in the nature of an experiment, contracted for but not made, so that the result, of necessity, could never be known." Williams v. Montgomery, 148 N. Y. 519, 527, 43 N. E. 57. See, also, Brown v. Britton, 41 App. Div. 57, 58 N. Y. Supp. 353.

The plaintiff's complaint, however, does not allege that this stock has any peculiar value, nor that the product of the Standard Rotary Motor Company is in any such experimental stage as to render computation of the value of the stock difficult or impossible, and nowhere in the complaint does he allege the facts from which it could be inferred that he has no adequate remedy at law, nor that exact language. On the other hand, the pleading seems inferentially to allege the value of the stock to be $100,000. Without such a showing equity would not, under the decisions we have quoted, exercise its discretion to award specific performance of the agreement set out in the complaint, and without such averments the pleading cannot be said to state a cause of action in equity for specific performance. These conclusions lead to a reversal of the interlocutory judgment, with leave to the plaintiff to amend upon the usual terms.

In view of this disposition of the appeal from the interlocutory judgment, it becomes unnecessary for us to pass upon the appeal in the same case from the order denying the motion of the defendant Straus to make the complaint more definite and certain. The appeal from that order should therefore be dismissed, without costs to either party. All concur.