KENNEDY v. THOMPSON et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. CORPORATIONS—STOCK—CONTRACT TO ISSUE—SPECIFIC·PERFORMANCE.

A bill in equity is not maintainable to compel specific performance of a corporation's contract to issue stock in consideration of services rendered to it, in the absence of an allegation and proof that the stock has a peculiar value, or that plaintiff could not fully recover in an action at law the damages resulting to him from defendant's breach of contract.

Appeal from Special Term, Kings County.

Suit by William T. Kennedy against L. A. Thompson and others. From a decree in favor of plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

Francis B. Mullin, for appellants.
Robert H. Roy, for respondent.

HIRSCHBERG, P. J. This action is in equity to compel specific performance by the defendants of a contract requiring the issue and delivery to plaintiff of certain shares of the capital stock of the defendant corporation. The contract was for the personal services of the plaintiff, to be paid for in part by the issue and delivery to him of the stock in question, which services the court has found to have been fully performed by him, and to have been terminated by his unjustifiable discharge from the defendants' employment. The court has further found that a certificate for 10 shares of the stock was issued to him, but was left by him for safe-keeping in the defendants' possession. The judgment appealed from, in addition to an award of damages against the defendants for the unexpired term of the contract of service and for accrued dividends upon the stock heretofore issued to the plaintiff, commands the issue by the defendant corporation and the delivery to the plaintiff of the unissued stock. The decision of the learned

trial justice upon which the judgment is based remits the plaintiff without prejudice.to an action at law to recover from the defendants the certificate of stock issued to him, and now in their possession, together with whatever dividends may be accrued thereon.

The learned counsel for the respondent cites several cases in support of the proposition that equitable relief may be obtained where a corporation refuses to issue stock to one lawfully entitled to it, but they appear to be all cases in which the law furnishes no adequate remedy by way of damages for the breach of contract involved, and in which the stock has been actually issued to or for the benefit of the owner. The question in most, if not all, the cases related to the power of a court of equity to compel a transfer of stock already issued, or the reissue of other stock in its place. In Cushman v. Thayer Manufacturing Jewelry Co., 76 N. Y. 365, 32 Am. Rep. 315, the stock had been duly issued and indorsed over to the plaintiff, but the corporation refused to transfer it upon the books. It was held that an action to compel such a transfer was proper, and that a recovery of damages for a refusal to transfer would not furnish an adequate compensation. The cases cited by the court all related to a refusal to transfer issued stock, but the general rule that a court of equity would not entertain jurisdiction for specific performance on the sale of stock was fully recognized (see page 369, 76 N. Y., 32 Am. Rep. 315), although, of course, the statement of the rule was limited in its application to cases where compensation in damages would furnish a complete and satisfactory remedy. In Johnson v. Brooks, 93 N. Y. 337, the facts were similar in effect to those in the Cushman Case, supra, and the decree was upheld upon the ground that the legal remedy was inadequate, or could have been enforced, if at all, only with doubt and difficulty. In Bedford v. American Aluminum Co., 51 App. Div. 537, 64 N. Y. Supp. 856, the stock which was the subject of controversy amounted to one-half of the corporate issue, giving to its owner a veto power upon any contemplated change in the organization. Moreover, the shares had been issued and delivered, and the action was to compel a reissue in smaller denominations to a transferee, and a transfer to him upon the books of the company. To the same effect as the cases cited are Ernst v. Elmira Municipal Imp. Co., 24 Misc. Rep. 583, 54 N. Y. Supp. 116, and Gilkinson v. Third Avenue R. R. Co., 47 App. Div. 472, 63 N. Y. Supp. 792.

There is no allegation in the complaint in this action, and no proof was made upon the trial, that the stock of the defendant corporation has any peculiar value, or that the plaintiff could not fully recover in an action at law the damages resulting to him from the defendants' breach of contract. In Bateman v. Straus, 86 App. Div. 540, 83 N. Y. Supp. 785, decided since the decision in the case at bar, this court held that such a complaint was demurrable as not stating a cause of action for specific performance. The defendants there agreed to deliver to the plaintiff 1,000 shares of the capital stock of a corporation as part compensation for certain services rendered by him, and it was held that an action for specific performance would not lie in the absence of allegations showing difficulty or impossibility in the ascertainment of the value of the stock or other facts permitting the inference that the plaintiff was without an adequate remedy at law. It is true that the serv-

ices in that case were not rendered under a contract with the corporation, but the principle upon which the decision rests is not controlled by that circumstance. A court of equity. in this case might perhaps have required the delivery to the plaintiff of the certificate of stock heretofore issued, and a transfer to him on the books of the defendant company of the shares represented by it; but it could not compel the issue of the remainder of the stock, within the spirit of the Bateman Case, without the allegation and proof of those facts which are essential to the successful invoking of its peculiar jurisdiction.

It follows that the judgment herein must be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.