ERIE CITY IRON WORKS v. THOMAS et al.

(Circuit Court, S. D. New York. July 3, 1905.)

1. CONTRACT—ACTION FOR BREACH—PLEADING.

A complaint in an action to recover the price of certain bonds of a corporation, which alleges that plaintiff was induced to sell machinery to the corporation and to accept such bonds in part payment on the promise of defendants, who were officers of the corporation, to purchase the bonds at par at any time within six months, sets up a valid contract, not unilateral nor lacking in consideration; the agreement of the plaintiff to sell the bonds being presumed from the facts pleaded.

2. SAME.

Where defendants contracted to purchase certain bonds from plaintiff at a stated price, plaintiff, on their refusal to accept and pay for the bonds when tendered, was entitled at his election to treat the bonds as the property of defendants, and maintain an action at law for the purchase price; and the fact that the prayer of the complaint was that defendants be compelled to accept and pay for the bonds does not make the suit one in equity for specific performance, nor render the complaint demurrable.

3. COMPLAINT—DEMURRER—INAPPROPRIATE PRAYER.

A complaint which states facts constituting a cause of action is not demurrable because the prayer is for relief which does not conform to the case made.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 143, 439, 440.]

At Law. On demurrer to complaint.

Gilbert E. Roe, for plaintiff.
Richard A. Irving, for defendants.

HAZEL, District Judge. This is an action at law to recover the sum of $5,000, the par value of certain 6 per cent. gold bonds of the Empire State Sugar Company, a New York corporation. The defendants demurred to the complaint on the ground that a cause of action is not stated. The complaint alleges that the plaintiff entered into a contract with the Empire State Sugar Company, by which, in consideration of the payment of $18,000, it furnished said corporation with boilers, machinery, etc., and as a part of the purchase price therefor, being induced so to do by the promise of the defendants, as hereinafter stated, accepted five bonds of the corporation, secured by a mortgage. Upon this point the complaint alleges:

"That as a part consideration for entering into said contract, and as an inducement to the complainant to enter therein, and for other valuable consideration, as plaintiff is informed and verily believes, the said defendants jointly and severally promised and agreed with this plaintiff at said time that if this

plaintiff would accept the above-mentioned bonds in part payment on said contract, as above stated, the said defendants would forthwith buy for cash the said bonds of plaintiff at their face or par value at any time within six months after the delivery thereof."

The bonds were not delivered on January 1, 1901, as agreed, but an interim certificate was issued at that time to the plaintiff. Subsequently, on March 28, 1901, the bonds were delivered to, and accepted by, the plaintiff. After the issuance of the certificate, and also after the delivery of the bonds (within the six-months period), the plaintiff made a tender thereof to the defendants, who, however, refused to accept them. The principal question is whether the promise of the defendants, who were officers and directors of the corporation, to purchase the bonds within the time specified, is void for lack of consideration. Defendants contend that there was no binding obligation upon the plaintiff to sell the bonds, and therefore the agreement is unilateral. This proposition is untenable. The complaint clearly indicates that the plaintiff was induced by the defendants to make the contract with the sugar company and to part with its property in reliance upon the promise of the defendants to afterwards take the bonds off its hands. Under the circumstances, plaintiff's consent to sell the bonds to the defendants may be presumed. A concurrent binding obligation to do so existed. Ketchum v. Duncan, 96 U. S. 659, 24 L. Ed. 868; Mason v. Decker, 72 N. Y. 595, 28 Am. Rep. 190. In the last-mentioned case the plaintiff was induced to furnish a sum of money to the corporation in which he was a stockholder upon the agreement that the defendant, another stockholder, would in a specified time take all of the plaintiff's stock and bonds at the cost price. The defendant being unwilling later to fulfill the contract, another agreement in lieu of the first was made, by which the defendant in writing bound himself to take the plaintiff's capital stock only at a certain price. The defendant failing to keep the agreement, an action was brought against him by the plaintiff to enforce it. It was there contended, as here, that the agreement was not mutual, the plaintiff not having expressly agreed to sell the stock; therefore there was no consideration expressed in the writing. The court held that the prior parol agreement to sell was valid, and plaintiff could treat the stock as belonging to the defendant. That case is thought to be in close analogy to the case at bar.

Defendants also insist that the complaint alleges a cause of action for specific performance, and the point is urged, inter alia, that the facts averred have the characteristics of an equitable action to compel the defendants to fulfill their promise to buy the bonds. As already intimated, the agreement to purchase the bonds is sufficiently alleged, and in the circumstances plaintiff had the election of his remedies. Dustan v. McAndrew, 44 N. Y. 72. The fact that the prayer demands that the defendants be required to accept the bonds, and that plaintiff have judgment in the sum of $5,000, is immaterial. There are many cases to be found which hold that the prayer for relief is not demurrable, inasmuch as it does not sustain the nature of the action. O'Brien v. Fitzgerald,

143 N. Y. 377, 38 N. E. 371; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436; Bateman v. Straus, 86 App. Div. 540, 83 N. Y. Supp. 785. And in 16 Ency. of Pleading & Practice, 776, it is held that, the prayer being only a matter of form, the cause of action, if properly stated, cannot be reached by demurrer.

Demurrer is overruled, with costs.