### JAHN v. REYNOLDS et al.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

CORPORATIONS—TRANSFER OF SHARES—EXCHANGE—RECISSION—FRAUD.

    That an exchange of shares of stock in a telegraph and telephone company for shares in a telegraph company was procured by false representations that the exchange would give the latter company control of the former company was sufficient ground for rescission of the exchange.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 496, 506.]

Appeal from Special Term, Kings County.

Action by Gustave A. Jahn against De Elbert A. Reynolds and another. From an interlocutory judgment overruling demurrers to the complaint, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

J. Aspinwall Hodge (Frank B. Vermilya and Roy M. Robinson, on the brief), for appellants.

Paul E. De Fere, for respondent.

JENKS, J. The defendants appeal from an interlocutory judgment overruling their demurrers that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff seeks a decree for the return to him of 265 shares of the capital stock of the New York & Eastern Telegraph & Telephone Company exchanged by him with the defendants for 265 shares of the Great Eastern Telegraph Company. He complains that he was led into the exchange by false and fraudulent representations, among others, that the Great Eastern Company, in which defendants were directors, controlled the New York Electric Lines Company, which company had a franchise for a telephone and telegraph system in the borough of Manhattan of New York City; that the Western Union Telegraph Company's interests were interested in that enterprise; that $5,000,000 of the stock of the Great Eastern Company had been subscribed; and that, with the plaintiff's said 265 shares, the said Great Eastern Company would own a majority of the capital of the New York & Eastern Telegraph Company.

The demurrer's point is that the complaint does not allege that the plaintiff has been damaged, and their argument is that, although the plaintiff pleads that his shares exchanged are of great value, he does not allege aught as to the comparative values of those shares and of the shares received by him in exchange, and hence non constat, but the latter shares are of equal or even of greater value. But the plaintiff alleges that one of the false and fraudulent representations which moved him was that, with his stock, the Great Eastern Company would own a majority of the New York & Eastern Company. He further alleges that, with these shares, he and other stockholders in harmony with him and opposed to the defendants control the New York & Eastern Company. If the acquisition of plaintiff's stock afforded the Great Eastern Company control of the New York & Eastern Company, then the plaintiff by virtue of the stock in the latter company received by him would be of the controlling power over the New York & Eastern Company. If such acquisition did not afford such control to the Great Eastern Company, then the plaintiff is not of the controlling power of the New York & Eastern Company, but simply of the minority. He may have been willing to ally himself with the controlling power made so by his adhesion, and yet have refused to make such alliance if thereby such control was not secured. It may well be that he has lost the opportunity of another combination for control, and put himself beyond any status other than that of one of the minority. To quote the language of Lord Justice Turner, quoted by Gray, J., in Harlow v. La Brum, 151 N. Y. 281, 45 N. E. 860:

"We cannot assume from what was done in ignorance of the misrepresentation what would have been done if the misrepresentation had been detected."

It is said that there is close affinity between the rules for rescission and for specific performance. Bump's Ed. of Kerr on Fraud & Mistake, 343; Boyce's Executors v. Grundy, 3 Pet. (U. S.) 210, 7 L. Ed. 655. It is well settled that contracts for specific performance as to sales of personalty, including shares of stock, may be enforced in cases where damages do not afford complete redress. See Adams' Equity, p. 83; Bispham's Principles of Equity (7th Ed.) § 523, and the authorities cited. In Rumsey v. Railroad, 203 Pa. 579, 53 Atl. 495, the court decreed specific performance where the stock had "no ascertainable market value and carried with it to plaintiff a controlling voice in the management. Goodwin Co. Appeal, 117 Pa. 514, 12 Atl. 736, 2 Am. St. Rep. 696." See, too, Cushman v. Thayer Manufac'g Jewelry Co., 76 N. Y. 365, 32 Am. Rep. 315; Bedford v. American Aluminum Co., 51 App. Div. 537, 64 N. Y. Supp. 856; Johnson v. Brooks, 93 N. Y. 337. Equity refuses aid in such cases, not because personal property is involved, but for the reason that damages at law will afford full compensation. Story's Equity. (13th Ed.) vol. 2, p. 33.

I recommend affirmance of the judgment, with costs. All concur.