Matthew M. Levy, J.
In this suit in equity for specific performance one of the defendants moves to dismiss the amended complaint upon the assertion that it fails to set forth facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106). The action is grounded upon an alleged agreement by the moving defendant Gladstone to deliver to the plaintiff 12,500 shares of *228 the common stock of Standard Industries, Inc., as the plaintiff’s share of a brokerage commission. The sole basis of the motion is that the plaintiff has an adequate remedy at law, that an equitable cause of action is not pleaded, and that the plaintiff is limited to an action at law for money damages.
The complaint alleges: The plaintiff acted as a co-broker with the defendant Gladstone in a transaction in September, 1952, involving a group of companies including Standard Brewing Company. The defendant Schindler acquired all of the outstanding capital stock of the defendant Standard Bealty Corporation, which owned all of the outstanding stock of the defendant Standard Beverage Company, which, in turn, owned a controlling stock interest in Standard Brewing Company, now known as Standard Industries, Inc., a defendant herein. In connection with the consummation of the transaction the plaintiff and the defendant Gladstone agreed, with the defendant Schindler’s knowledge and approval, that “ the plaintiff and Gladstone 'would share equally in any brokerage commissions or other commissions or payments of any kind, however designated, and in whatever form received, which either the plaintiff or Gladstone should thereafter receive in connection with any recapitalization, merger, reorganization, acquisition of stock or other corporate financing or other corporate transactions undertaken by Standard Bealty, Standard Beverage, Standard Brewing, or their successors, assigns, or transferees.” Subsequently (late in 1953 or early in 1954) Standard Industries, Inc., acquired from the defendant Cadilly Corporation all of the .capital stock of the defendant Watson Elevator Co., Inc., in exchange for 750,000 shares of the common stock of Standard Industries, Inc., and at about that time the directors of Standard Industries, Inc., voted to issue to Gladstone 25,000 shares of the common stock of Standard Industries, Inc., as a commission in connection with the consummation of the transaction. The corporate stock of Standard Industries, Inc., is listed on the American Stock Exchange. The listing and issue to Gladstone were approved by the exchange on April 29, 1954, subject to the restriction that 50% of the shares were not to be sold, pledged or otherwise disposed of for one year from the date of such approval, and the remaining 50% for one and one-half years from that date, without the further approval of the exchange. The plaintiff, claiming that he is entitled, pursuant to the terms of his agreement, to share equally with Gladstone in the corporate stock of Standard Industries, Inc., received by Gladstone, demanded delivery of such share from Gladstone and from any of the defendants having possession thereof. The demands were *229 refused. Alleging that because of the restriction heretofore referred to, the 25,000 shares of the common stock of Standard Industries, Inc., are not marketable, have no known or ascertainable market value and cannot be traded on the American Stock Exchange — and thus that he has no adequate remedy at law — the plaintiff sues to compel those defendants having custody or control of the stock to transfer and deliver half of such shares to the plaintiff, subject to the approval of the American Stock Exchange; and that in the event the shares have been disposed of, for an accounting of the value thereof.
It is clear to me that the complaint states facts sufficient to constitute the cause of action pleaded. It seems to me, in the light of the pleaded facts, that it is idle to assert that the plaintiff has an adequate remedy at law for damages. On the contrary, I believe that no adequate remedy at law is available to the plaintiff, in view of the specific terms of the contract between him and Gladstone and of the nature and restricted subject matter of the precise compensation to be received by the plaintiff. By the terms of the agreement the plaintiff and Gladstone were to share equally in any brokerage commissions or other commissions or payments of any kind, however designated and in whatever form received. This is what the parties agreed to and no reason exists why their intent should be frustrated.
As a general rule, of course, one entitled to the transfer to him of the stock of a business corporation is denied the remedy of specific performance, since such securities can normally be bought on the public market (5 Fiero on Particular Actions and Proceedings, pp. 623-624). But, as stated in Pomeroy on Equity Jurisprudence (5th ed., Vol. 4, § 1402, p. 1036): “ Specific performance is, however, frequently decreed where the contract involves corporate stock of a peculiar or special value to the complainant, or where the subject of the contract is of unknown and of not easily ascertainable value, or where other sufficient grounds are present for the interposition of equity. ’ ’
What is the situation here? The facts alleged must on tins motion be taken as true (Bentrovato v. Crinnion, 206 Misc. 648, 654). Thus, I assume that there is no public market for the sale of shares restricted as is the stock here sought by the plaintiff; that these shares are not freely tradeable upon the American Stock Exchange; and that they have no known or readily ascertainable market value. The current market price of unrestricted stock is no guide. It would be quite speculative to seek to arrive at a market value as of any specific date, and while of course inquiry might have to be undertaken in the event the shares are not now available, for transfer in kind, it cannot be said that *230 damages thus arrived at are an adequate remedy as compared to the delivery of the shares in question, as agreed. The cases relied upon by the moving defendant are, upon analysis, found to be inapplicable. I shall consider them, one by one.
In Bateman v. Straus (86 App. Div. 540) while the court held that the plaintiff was not entitled to specific performance, the complaint asked for payment either by way of shares of stock or by the payment of $100,000, being the par value of the stock. Furthermore, the plaintiff did not allege in his complaint ‘ ‘ that this stock has any peculiar value * * * and nowhere in the complaint does he allege the facts from which it could be inferred that he has no adequate remedy at law ” (p. 544). In Kennedy v. Thompson (97 App. Div. 296) the court merely reiterated the basic principle of law that, before specific performance will be ordered, the complaint must allege that the stock has a peculiar value or that the remedy at law is inadequate. In Ehrich v. Grant (111 App. Div. 196) the court held that specific performance was not proper because the plaintiff had an adequate remedy at law, since there was a market price for the subscription rights in question — they having actually been bought and sold, thus establishing a basis for determining their value. In Clements v. Sherwood-Dunn (108 App. Div. 327, affd. 187 N. Y. 521) the court held that specific performance was not available to the plaintiff because the plaintiff himself had sold some of the shares of the stock in question and offered others for sale, and, in addition, knew of other sales, and, accordingly, the value was readily ascertainable. It is true that the complaint alleged that the stock was not listed and not sold in the open market and did not have a market value which would furnish a basis for the assessment of money damag’es, but, as a result of the evidence adduced at the trial, these allegations in the complaint were found to be incapable of being supported. In Butler v. Wright (186 N. Y. 259, motion for reargument denied 187 N. Y. 526) the court sustained the finding of the Referee and ordered specific performance of the contract which involved stock that “ had never been listed on any exchange or had any quoted value or any definite market price or any certain value capable of exact ascertainment ” (p. 261). In Waddle v. Cabana (220 N. Y. 18) the court granted specific performance of a contract for the transfer of corporate stock because the stock had no known or ascertainable value, no price had been established by public sales in the way of ordinary business, and no other property of the same kind had been the subject of purchase and sale.
*231 The motion to dismiss the amended complaint is denied, with leave to the moving defendant to plead thereto within 10 days after service of a copy of this order with notice of entry (Civ. Prac. Act, § 283). Order signed.