The People ex rel. Annie M. Hoffman, Appellant, *v*. The Board of Education of the City of New York et al., Respondents.

The imposition of a fine is a species of punishment, and before any body, tribunal or officer can impose it, authority so to do must be clearly found in some statute.

The provision of the New York Consolidation Act (Chap. 410, Laws of 1882) giving to the board of education " full control of the public schools, and the public school system of the city, subject only to the general statutes of the state upon education," does not give to that board power to impose a fine upon a teacher, either payable in money or by forfeiture of salary for a specified period, for violating the orders of the superintendent, or *it seems*, for any misconduct or dereliction, in the absence of any by-law, rule or regulation known or assented to by the teacher providing for the imposition of such a fine.

(Argued June 4, 1894; decided June 12, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made December 31, 1886, which confirmed the proceedings and final determination of the board of education of the city of New York imposing a fine upon the relator, which proceedings were brought up for review by writ of certiorari.

The relator, who was the principal of one of the public schools in the city of New York, was charged by the parent of one of the pupils with improper conduct during the examination of said pupil, and with having so discriminated against her as to obtain an improper result of the examination and to prevent her promotion. The committee to whom the matter was referred reported adversely to the relator, and upon such report a new examination was ordered under the direction of the city superintendent of schools; the latter suggested to the relator that she should not be present during such examination. She was present, however, before it commenced and brought the pupil for whose benefit the re-examination had been ordered from the back to the front row of seats and cautioned the class teacher to watch her and make sure she

did not copy from the other pupils, as she had twice caught her doing on the prior examination. The city superintendent found that said pupil was not qualified to be promoted. The committee reported that the relator was guilty of discourtesy, and proposed that she should be fined fifteen days' pay for disobeying the instructions of the city superintendent by being in the room prior to the examination and interfering with said pupil. This report was adopted by the board of education, the fine imposed being deducted from her salary.

There was no by-law, rule or regulation of the board of education known or assented to by the relator under which a fine could be imposed upon her.

*Henry Schmitt* for appellant. The board of education had no power to impose the fine and to withhold the salary of the appellant. (Laws of 1882, chap. 410, §§ 272, 440, 1038, 1042.) The board did not have as an incidental right the power to fine. (*Morton* v. *Mayer*, 140 N. Y. 213.) The board of education had no jurisdiction of the complaint of Mr. Luyster, and could not take action on it except to refer it to the trustees of the ward in which the school was located. (Laws of 1882, chap. 410, §§ 1027, 1029, 1035, 1072.) The fine was a forfeiture of past salary. The board had no power to create such a forfeiture. No by-law had ever been made to authorize the imposition of the fine or forbidding the act charged against relator. (Dillon on Mun. Corp. [4th ed.] 85, § 49 ; 1 id. § 322 ; *Hooper* v. *School Comrs.*, 43 Ala. 598 ; *Buchanan* v. *School District*, 25 Mo. App. 85 ; *Rudy* v. *School District*, 30 id. 113 ; *Hart* v. *Mayor*, 9 Wend. 571, 588 ; *White* v. *Tallman*, 2 Dutch. [N. J.] 67 ; *Mayor* v. *Ordeman*, 12 Johns. 122 ; *Dunham* v. *Rochester*, 5 Cow. 462 ; *Cotter* v. *Doty*, 5 Ohio, 398 ; *Taylor* v. *Carondelet*, 22 Mo. 105 ; *R. S. Co.* v. *Jersey City*, 45 N. J. L. 246.)

*R. G. Beardslee* for respondents. The action of the board of education in imposing the fine upon the relator, as principal of the school, was had under the power conferred upon said

board by statute. (Laws of 1882, chap. 410, §§ 1022, 1026, 1028, 1035; *In re Gleese*, 18 J. & S. 480.) The imposition by the board of education of a fine upon a teacher, for misconduct, is within the reasonable limits of the administration by said board of the public school system of the city. (*Burdick* v. *Babcock*, 31 Iowa, 565; *People ex rel.* v. *Bd. Education*, 32 How. Pr. 167; *People ex rel.* v. *Bd. Education*, 20 J. & S. 520.) The city superintendent acted under the instructions given to him by the committee on teachers of the board of education, made in pursuance of the authority of the committee conferred by said board, by the reference thereto of the complaints against and the communication from the relator; and he also acted under the powers conferred upon him by statute. (Laws of 1892, chap. 410, §§ 1027, 1040.) The board of education had legislative and discretionary power to impose said fine. (*People ex rel.* v. *Bd. of Education*, 3 Hun, 177; *People ex rel.* v. *Police Comrs.*, 93 N. Y. 97; *People ex rel.* v. *Bd. of Fire Comrs.*, 96 id. 644; *People ex rel.* v. *Comrs. of Public Parks*, 97 id. 37; *People ex rel.* v. *Fire Comrs.*, 100 id. 82; *People ex rel.* v. *Bd. of Fire Comrs.*, 106 id. 257; *People ex rel.* v. *French*, 110 id. 494; *People ex rel.* v. *French*, 123 id. 636; *People ex rel.* v. *Bd. of Suprs.*, 131 id. 468, 471; Mechem's Public Offices and Officers, §§ 945, 972.)

Earl, J. The relator was principal of one of the public schools in the city of New York, and she was fined by the board of education "fifteen days' pay for disobeying the instructions of the city superintendent;" and she instituted this proceeding by certiorari to review and reverse the imposition of that fine. She claims that the board had no authority to impose the fine, and in this we think she is clearly right.

The imposition of a fine is a species of punishment, and before any body, tribunal or officer can impose it, authority therefor must be clearly found in some statute.

Sections 1022 and 1026 of the New York City Consolidation Act of 1882 provide that the board of education "shall.

have full control of the public schools and the public school system of the city, subject only to the general statutes of the state upon education;" and this is the sole provision of law invoked by the respondents as authority for the imposition of the fine.  Under it the board of education may establish schools, regulate the course of instruction therein, and shape the entire educational system for the city.  It may provide for the discipline and government of the scholars in the schools.  But could it impose pecuniary fines upon them for any misconduct or dereliction, and thus deprive them of their property?  Could it imprison them or sit in solemn judgment upon them and order the infliction of corporeal punishment?  If it could not do these things, much less could it discipline or punish teachers in these ways.  The relator never in any way submitted herself to such a jurisdiction, and there is no general law which confers it.  If the board could thus deprive her of fifteen days' pay, where is the limit?  Why could it not deprive her of one month's pay or a whole year's salary already earned?  If it could compel her to forfeit money already earned, why could it not enforce a fine against her other property?  If the board has such a power, where are its limits and who is to define them?

If the board had adopted by-laws for the regulation of the schools and the teachers therein, and the relator had assented to them, then they might have become binding upon her as part of her contract with the board, and under such by-laws it might have had power of discipline and control over teachers which it could not otherwise have or possess.  But here there was no by-law, rule or regulation known or assented to by the relator under which any fine could be imposed upon her.  The board of education can, under certain conditions mentioned in the laws, remove teachers, and by the exercise of that power it can protect the schools against the incompetency and the improper conduct of teachers.

The board of education is a *quasi* municipal or governmental corporation, and no such corporation has power to impose fines or to pass ordinances authorizing the imposition

of fines without the clear authority of some statute. In Dillon on Municipal Corporations, secs. 345 and 348, it is said: "A corporation, under a general power to make by-laws, cannot make a by-law ordering a forfeiture of property. To warrant the exercise of such an extraordinary authority by a local and limited jurisdiction, the rule is reasonably adopted that such authority must be expressly conferred by the legislature." "In this country, inasmuch as corporations derive all their power from charter or act of the legislature, the right to inflict a forfeiture must be plainly given, and cannot be derived from usage." In *Kirk* v. *Nowill* (1 T. R. 124) the question was whether a corporation which possessed a general power to make by-laws could make a by-law creating a forfeiture, and Lord Mansfield held that no corporation possessed such an extraordinary power unless it was expressly given; and Mr. Justice Buller also said that construing it a by-law creating a forfeiture, the act of Parliament not having given the corporation power to make such a by-law, it was bad on that ground; and a similar doctrine was laid down in *Hart* v. *Mayor, etc.* (9 Wend. 571, 588), and *Dunham* v. *Rochester* (5 Cow. 462), and in many other cases. This fine was in the nature of a forfeiture, if valid, as it compelled the relator to forfeit a portion of her salary earned.

As this fine was imposed upon the relator without authority it could do her no harm, and could not stand in the way of the collection by her of her salary as a teacher, and, therefore, it may well be doubted whether she could properly institute this proceeding by certiorari to review and reverse the utterly void and harmless proceeding of the board of education. But as this proceeding was entertained in the court below, and no objection has been made to its propriety, we will assume that it was proper; and our conclusion is that the order of the General Term and the proceeding of the board of education imposing the fine should be reversed and set aside, with costs to the relator in this court and the court below.

All concur, except Peckham and Gray, JJ., dissenting.

Ordered accordingly.