FARRELL v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Term.   April 8, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 55*)—POWERS OF BOARD—IMPOSITION OF FINE ON EMPLOYÉ.

In the absence of statutory authority, a board of education is without power to discipline its employés by the imposition of a fine.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 55.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 73*)—POWERS OF BOARD—IMPOSITION OF FINE ON "EMPLOYÉ."

Greater New York Charter (Laws 1901, c. 466) § 1100, provides that "the board of education may investigate, * * * either in the board or by a committee of its own body, * * * the conduct of any of its * * * employés; * * * and for the purpose of such investigation such * * * committee and its chairman shall have * * * all the powers which the board of education has or may exercise in the case of a trial under section 1093." Section 1093 prescribes the requirements of law regarding the trial of a teacher or a principal of a public school, and the penalty which may be imposed on one found guilty on charges preferred against him, and provides that "such penalty or punishment shall consist of a fine, suspension for a fixed time without pay, or dismissal." Held, that a janitor of a public school is an "employé" of the board of education within section 1100, and may be tried and fined as a teacher or principal could be under section 1093.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 3, pp. 2369–2377; vol. 8, p. 7649.]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 73*)—POWER OF BOARD—IMPOSITION OF FINE ON EMPLOYÉ.

Greater New York Charter (Laws 1901, c. 466) § 1068, providing that "the board of education shall have power * * * to enact by-laws * * * for the proper execution of all duties devolved on the board, its members and committees, * * * and for the promotion of the welfare and best interest of the public schools * * * in the matters committed to its care," authorized the adoption of by-laws providing for the imposition of a fine on a janitor of a public school building for a violation of proper rules and regulations.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 73.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 84*)—POWERS OF BOARD—CHANGE OF REGULATION.

A contract of employment between a school board and the janitor of a school building does not exempt the janitor from the operation of by-laws, subsequently adopted, regulating the duties of janitors and providing for a fine for the violation of such regulations.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Edward J. Farrell against the Board of Education of the City of New York. Plaintiff had judgment, and defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Archibald R. Watson (Theodore Connoly and Charles McIntyre, of counsel), for appellant.

Isidore Klatzkie, for respondent.

SEABURY, J. The plaintiff, a janitor in a public school of the city of New York, instituted this action to recover $28.98, the amount of two fines imposed by the defendant upon him for the violation by him of the defendant's by-laws. The only question to be determined upon this appeal is whether the board of education had a legal right to impose the fine upon the plaintiff.

It is settled that in the absence of statutory authority the board of education is without power to discipline its employés by the imposition of a fine. People ex rel. Hoffman v. Board of Education, 143 N. Y. 62, 37 N. E. 637. The fine imposed upon the plaintiff was imposed by the committee on care of buildings, which was a committee of the defendant.

Section 1100 of the Greater New York charter (Laws 1901, c. 466) provides that:

"The board of education may investigate, of its own motion or otherwise, either in the board or by a committee of its own body, * * * the conduct of any of its * * * employés; * * * and for the purpose of such investigation such * * * committee and its chairman shall have and may exercise all the powers which the board of education has or may exercise in the case of a trial under section 1093 of this act."

Section 1093 prescribes the requirements of law regarding the trial of a teacher or a principal of a public school, and the penalty which may be imposed upon one found guilty of charges preferred against him, and provides that:

"* * * Such penalty or punishment shall consist of a fine, suspension for a fixed time without pay, or dismissal."

A janitor of a public school is an employé of the board of education, within the meaning of section 1100 of the charter, and that section confers upon the defendant the same powers in dealing with such employés as it possesses in the case of a trial of a teacher or principal under section 1093. This latter section specifically authorizes the imposition of punishment upon such delinquent and prescribes its nature. We think it is clear that the fines imposed upon the plaintiff were imposed by the defendant in the exercise of its statutory powers.

There is another ground, also, upon which the fines imposed upon the plaintiff may be justified. In section 1068 of the charter it is provided that:

"The board of education shall have power * * * to enact by-laws, rules and regulations for the proper execution of all duties devolved upon the board, its members and committees, * * * and for the promotion of the

welfare and best interests of the public schools and the public school system of the city in the matters committed to its care."

Section 25 of the by-laws of the defendant was adopted November 22, 1905, and provides as follows:

"Whenever it shall be charged that any janitor has violated the by-laws or rules or regulations applicable to janitors, said committee [the committee on care of buildings] may require such janitor to appear before it, and if, after a hearing, the committee shall decide that said by-law, rule, or regulation has been violated, it may impose a fine not exceeding five days' salary of said janitor. In case of a serious delinquency on the part of a janitor, the determination of the committee shal be reported to the board, which may approve or disapprove the same."

Section 1068 of the charter empowered the board of education to enact by-laws, rules, and regulations, and the by-law quoted above was adopted pursuant to such authority. This by-law in terms authorized the imposition of a fine, and if the by-law was binding upon the plaintiff there can be no doubt that the fines sought to be recovered in this action were lawfully imposed. People ex rel. Hoffman v. Board of Education, supra.

The plaintiff contends that the by-law was not binding upon him, because he never assented to it. The contract which the plaintiff made with the defendant was subject to the power given the board of education to enact by-laws, rules, and regulations for the proper execution of the duties which devolved upon the board. Buckbee v. Board of Education, 115 App. Div. 366, 100 N. Y. Supp. 943, affirmed 187 N. Y. 544, 80 N. E. 1106. The fact that the plaintiff was appointed janitor in 1903, and that the by-law was passed in 1905, does not alter the situation, as the power of the board to enact by-laws, with reference to which the plaintiff and defendant contracted, was a continuing one. Buckbee v. Board of Education, supra.

The by-law which provides for the imposition of a fine in certain cases is claimed by the plaintiff to be arbitrary and unreasonable. On the contrary, we think it is a reasonable and just regulation. The schoolhouses of the city are under the control of the board, and the janitors of such buildings must attend to keeping them clean and properly heated and ventilated. The proper performance of these duties by janitors is essential to the preservation of the health and welfare of the school children of the city. To insure the proper performance of these duties, it is only reasonable and just that the board should make provision for the discipline of those janitors who are guilty of violating its proper rules.

Judgment reversed, with costs, and complaint dismissed. All concur.