AMERICAN MEN'S AND BOYS' CLOTHING MANUFACTURERS' ASSOCIATION, INC., Respondent, v. SOL PROSER and HERMAN PROSER, Appellants.

First Department, December 19, 1919.

Corporations — membership corporation — manufacturers' association — penalties for violation of by-laws — necessity that method of determining maximum penalty be fixed — legality of fine assessed — necessity that fine be reasonable — complaint in action to recover fine — appeal from order overruling demurrer heard as contested motion — power of appellate court to sustain demurrer in absence of counter-motion — practice — right of court to completely dispose of demurrer though cross-notice of trial not served.

It is competent for a membership corporation organized to promote harmonious relations between clothing manufacturers and their employees, and to improve the welfare of the industry, to fix penalties by way of fines for derelictions of its members, but the penalties must be determined according to some method, to which the members have agreed, at least impliedly by joining the corporation, not only as to the imposition of the fine, but also as to the maximum amount thereof; otherwise the corporation would be allowed to assess its own damages, which would be unjust and improper.

A by-law imposing an excessive fine will be set aside as unreasonable.   But a fixed reasonable fine in the nature of liquidated damages for injuries sustained because of dereliction by a member may be imposed.

Complaint in an action to recover from the defendants the amount of a fine imposed upon them by the plaintiff corporation, examined and *held* not to state a cause of action.

On an appeal taken from an order overruling a demurrer to the complaint, which was brought on for trial by the plaintiff as a contested motion under section 976 of the Code of Civil Procedure, the Appellate Division has power to award the defendants relief by sustaining the demurrer, although no counter-motion was made by them.

The failure of a defendant to serve a cross-notice of trial of a demurrer to the complaint which was brought on for trial by the plaintiff as a contested motion, does not prevent the court from completely disposing of the demurrer, where both parties appear at the trial thereof and argue the points of law involved.

Appeal by the defendants, Sol Proser and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of May, 1919, overruling the demurrer to the complaint.

*Thomas W. Constable* of counsel [*Max M. Kotzen* with him on the brief; *Kotzen Brothers*, attorneys], for the appellants.

*James C. Higgins*, for the respondent.

Philbin, J.:

Defendants demurred to the complaint, and plaintiff brought the demurrer on for trial as a contested motion under section 976 of the Code of Civil Procedure. The demurrer was overruled and the defendants appeal.

The complaint sets forth the following facts: Plaintiff is a membership corporation formed to promote harmonious relations between clothing manufacturers and their employees, establish beneficial trade conditions, improve the condition of those engaged in the trade, settle trade disputes, and in general foster the welfare of the industry. The defendants, copartners, were doing business as makers of young men's clothing. On July 18, 1918, having made application for membership in the plaintiff association, said firm duly executed an agreement by which they agreed to abide by the certificate of incorporation and by-laws of the plaintiff, and to execute and carry out all the decisions, resolutions and requirements of its executive committee in accordance with the said certifi-

cate and by-laws.   The firm was later duly admitted through the defendant Herman Proser.   There are then set out various articles of the by-laws which provide that the executive committee shall have power to conduct the affairs of the plaintiff and specifically to agree with employees as to wages, hours, sanitation and all other matters affecting the industry. The committee is also given power to make adjustments between employees and employers.   It is further provided that matters pertaining to the boys' clothing industry shall be handled by that part of the committee composed of those in that kind of business, and similarly as to men's clothing. The committee is given power to levy fines and assessments, and to require members to deposit with the association an undertaking in such form and sum as the committee may prescribe for the guaranty of the performance by such members of all resolutions and orders of the plaintiff, and of the judgments and orders of any commission, board of arbitration or like tribunal.   Every member pledges himself and his firm to abide by the decisions of the committee made pursuant to the by-laws, and to carry out all orders and resolutions.   It is also provided that in the event that any member, or the firm of which he may be a member, shall not abide by such decision or action, or shall otherwise violate his obligation as a member, the said member may, by a two-thirds vote of the executive committee present at any legally called meeting, be expelled or suspended from the association, or subjected to a fine. In the event that a fine is imposed and he shall have given a note or the undertaking provided for, the committee shall have power at such meeting to declare the note or undertaking due and effective, and the association may enforce and collect it, or so much as may be necessary to pay said fine.   Before any fine shall be imposed, or before he is expelled, the member shall receive a written notice at least five days before the meeting of the committee at which action is taken, notifying him of the charges against him and stating the time and place of the meeting at which the committee shall hear the charges. The member shall be entitled to appear and answer such charges before action shall be taken by the committee.

It is further alleged that on October 28, 1918, a strike was called of all the tailors and cutters employed by members

of the plaintiff engaged in the manufacture of boys' and children's clothing in the city of New York. In order to settle the strike by peaceful arbitration it became necessary for the plaintiff to call out the employees of its members engaged in the manufacture of men's and young men's clothing, who belonged to the same union as the strikers, and by whom the strikers were being encouraged and financially assisted. On November 11, 1918, plaintiff, pursuant to a resolution of the committee, duly instructed defendants to " lay off " their cutters until further notice, in furtherance of the settlement of the strike, and on November 15, 1918, passed a resolution that no member should have any dealings, directly or indirectly, with the union except through the association; that whenever there is a strike or lay-off which has been officially recognized to exist by the committee, no member shall carry on any negotiations or enter into any arrangement with the union, except in accordance with instructions or consent of the committee. On November 16, 1918, plaintiff duly notified defendants of said resolution and furnished them with a copy thereof and of the penalty provisions of its by-laws.

It is then further alleged that in willful violation of the resolution and of their agreement with plaintiff, and without just cause, and during the continuance of the strike and lay-off, defendants employed cutters belonging to the same union as the strikers to work for them; that such course of action was in bad faith and contrary to the purposes and objects of the plaintiff and in willful disregard of the duties imposed upon defendants by the by-laws, and was detrimental to the peace and stability of the men's and boys' clothing industry; that by reason thereof plaintiff was greatly hampered in the settlement of the said strike, and its influence and prestige were greatly impaired. On January 10, 1919, written notice was delivered to defendants charging them with violating the foregoing resolution and duly notifying them of a meeting at which the committee would hear the charges and requesting them to appear at such meeting and answer such charges, and show cause, if any, why penalties should not be imposed upon them on account of the violation. On January 16, 1919, said charges were duly heard by the committee and a fine of $2,000 was imposed upon the defendants.

First Department, December, 1919. [Vol. 190.

It is further alleged that said fine was not arbitrary, but in all respects reasonable under the circumstances and commensurate with the detriment sustained by plaintiff by reason of defendants' breach of contract and lack of good faith, and it was necessary to emphasize the importance and necessity of recognition by the members of plaintiff of their duties and obligations to plaintiff under its by-laws. Payment of the $2,000 has been demanded and refused. Such are the allegations to which the demurrer was interposed.

We think the plaintiff was without authority in law to fix the arbitrary assessment by way of a fine, and the plaintiff is not entitled to recover it. (10 Cyc. 363.) The case of *City Trust S. D. & S. Co.* v. *Waldhauer* (47 Misc. Rep. 7), relied upon by plaintiff and cited by the court at Special Term, does not lend support to plaintiff's claim. Suit was there brought in relation to a bond given to an organization similar to this plaintiff and under somewhat analogous circumstances. The amount the defendant in that case was called upon to pay for violation of the rules of the organization was fixed by the bond, which recited that the sum named was agreed upon as liquidated damages and not as a penalty. In the present case neither the undertaking nor note referred to in the by-laws was given. It is quite competent for such an association as the plaintiff to fix penalties by way of fines for derelictions of its members, but the penalties must be determined according to some method, to which the member has agreed, at least impliedly by joining the association, not only as to the imposition of the fine but also as to the maximum amount thereof; otherwise, the association would be allowed to assess its own damages, which would be clearly unjust and improper. And a by-law imposing an excessive fine would be set aside as unreasonable. (*Hagerman* v. *Ohio Building & Savings Assn.*, 25 Ohio St. 186; *Lynn* v. *Freemansburg B. & L. Assn.*, 117 Penn. St. 1.) To hold that an association of this character might assess such amount as it saw fit for any infraction of its rules or by-laws, important or unimportant, would make possible a course that would work serious loss to members and invite an abuse of authority. A fixed reasonable fine in the nature of liquidated damages for injury sustained because of dereliction would be sustained.

It follows that the complaint fails to set forth a cause of action. The demurrer is, therefore, well taken and the order overruling it should be reversed.

Although no counter-motion was made by the defendants, the court has power to award them relief by sustaining the demurrer. This is not a motion for judgment on the pleadings (Code Civ. Proc. § 547; *Ventriniglia* v. *Eichner*, 138 App. Div. 274; *Wayte* v. *Bowker Chemical Co.*, 180 id. 568), but the trial of a demurrer as a contested motion. (Code Civ. Proc. § 976.) The situation is analogous to a trial of a demurrer by a formal trial. (Id. § 977.) The failure to serve a cross-notice of trial does not prevent the court from completely disposing of a demurrer where both parties appear at the trial thereof and argue the points of law involved. And no good reason can be advanced for incumbering the trial of a demurrer as a contested motion by a useless requirement of a cross-notice of motion. Even if this court were irrevocably committed to a different rule where the demurrer is brought on for argument by way of motion for judgment on the pleadings, the continued confusion which that highly technical rule engenders is a very good reason for not extending it to the trials of issues of law as contested motions.

The order appealed from should be reversed, with ten dollars costs, and the demurrer sustained, with ten dollars costs. If the plaintiff is so advised, it may apply at Special Term, upon an affidavit setting forth facts showing merits, for leave to plead over.

Laughlin, Dowling, Page and Merrell, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to move at Special Term for leave to plead over on payment of costs.