MERCHANTS LADIES GARMENT ASSOCIATION, INC., Plaintiff, *v.* COAT HOUSE OF WILLIAM M. SCHWARTZ, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 29, 1934.

*Blumberg & Parker*, for the motion.

*Morris & Samuel Meyers* [*Bernard Indleman* of counsel], opposed.

EDER, J. Plaintiff, a membership corporation, sues to recover $500 imposed as a " fine " upon the defendant. Two causes of

action are alleged: (1) To recover the fine imposed; (2) to recover upon two checks, originally postdated, given in payment of the fine, and upon which payment was stopped. The answer is a general denial, and defenses of no consideration, duress and *ultra vires*.

Plaintiff moves for summary judgment; defendant counters with the claim that triable issues of fact are raised, and, further, that this action is, upon the facts, so far as conceded or admitted, not maintainable. I think the contentions of the defendant are sound, and that the motion, therefore, cannot prevail.

Plaintiff membership corporation represents manufacturers of ladies' garments and was co-operating with another association representing contractors who do the work for the manufacturers, co-operating, also, with another union representing the workers. Defendant, in becoming a member of the plaintiff corporation, agreed, *inter alia*, to abide by all the provisions of its by-laws and to perform all regulations adopted and all agreements executed by the plaintiff on behalf of its members and to abide by the decision of the plaintiff through its board of directors or committees.

Plaintiff, on behalf of its members, entered into an agreement with another union whereby plaintiff agreed that every one of its members who employed or dealt with a contractor or submanufacturer, would, within two days after the execution of such agreement, designate the contractors or submanufacturers actually required by such member to manufacture the garments, such designation to be made from the list of approved " union shops." The agreement further provides that should a member of the plaintiff be found dealing with or giving work to a non-union manufacturer, plaintiff " will proceed to impose a fine," and that the amount of such fine would be determined with reference to the sum involved and would be sufficiently high to offset the advantage gained by such member from such transactions, together with an appropriate penalty.

Asserting defendant dealt with an undesignated contractor and non-union shops in contravention of the mentioned agreements, plaintiff claims a notice of charges was served on defendant and a hearing held before plaintiff's grievance committee in accordance with said agreements and article XIII, section 1, of its by-laws. This provision is entitled " Disciplining of Members " and its salient features are that any violation by a member of the by-laws or any agreement made by plaintiff " shall be sufficient ground to expel, suspend or discipline such member," and to the board of directors is committed the power to make a final decision.

It is alleged defendant was found guilty of the violation charged, and fined $500, and, in payment thereof, gave two postdated checks,

upon which it subsequently stopped payment, and this action is brought to recover the fine, or to recover upon the checks. The opposition to the motion presents an entirely different and most extraordinary state of affairs.

It alleges the checks were given under compulsion, of a degree tantamount to extortion, and that the violation charged to it, and resulting in the fine, was occasioned by plaintiff's own deliberate act, having its birth in a conspiracy to force the defendant into the very situation of which the plaintiff complains and to utilize this condition as the basis of the claimed violation, in order that plaintiff might thus unjustly enrich itself at the defendant's expense.

If this be true, a more reprehensible course of conduct, indefensible and inexcusable, can hardly be conceived.

In substance, the scheme charged by defendant is a confederation between plaintiff and these unions to prevent defendant getting its work done by the very contractors assigned by the plaintiff to the defendant. As a consequence, defendant was compelled to have some of its work done by other contractors, as the plaintiff well knew must inevitably follow, whereupon these conspiring unions declared a strike against the defendant, and, for this act of the defendant it was fined $500 by the plaintiff; that all this occurred about Easter time when defendant had to complete the orders on hand, and, in this desperate situation, it submitted to the imposition of the fine and issued the postdated checks in question.

That plaintiff gave no consideration for the checks is apparent, and, indeed, is not disputed. Similarly, that the fine was not imposed to compensate the plaintiff for any loss, damage or injury suffered by reason of the alleged violation, is also apparent and the plaintiff does not claim it suffered any. Likewise, that this sum was not imposed as a fine, but distinctly as a penalty, is manifest. The language of the agreement referring to " an appropriate penalty " is significant in itself. (*American Men's & Boys' Cloth. Mfr. Assn.* v. *Proser,* 190 App. Div. 164.)

Thus, it indubitably appears that plaintiff did not part with any consideration, in any form, for the checks sued on. If that be so, then plaintiff has no cause of action, and certain it is that it is not entitled to judgment.

But the claim of the plaintiff is that as it had lawful power to impose a *fine,* and the checks were given in payment of it, suit may be maintained, either for the collection of the fine, or upon the checks.

The theory behind this contention is, seemingly, that when defendant applied for membership in the plaintiff corporation, it agreed, as part of its contract of membership, to abide by all of

plaintiff's by-laws and these became part of the contract of membership. This may be so but does not aid the plaintiff because no authority is conferred by article XIII, section 1, of the by-laws, to impose a " fine;" a violation is made punishable only by expulsion, suspension or discipline.

Fines can be imposed only when expressly authorized by statute, by the charter or by the by-laws. (*Building Assn.* v. *Schuller,* 3 Wkly. N. C. [Penn.] 431; *Lincoln Bldg. & Sav.·Assn.* v. *Graham,* 7 Neb. 173, 180.) And, generally, " The imposition of a fine is a species of punishment, and before any body, tribunal or officer can impose it, authority therefor must be clearly found in some statute." (*People ex rel. Hoffman* v. *Board of Education,* 143 N. Y. 62, 64.)

But assuming that the term " discipline " may include " fine," the questions then arising are: (1) May a suit be maintained by a private corporation to recover a fine where it is not imposed in the nature of liquidated damages for the injury sustained by reason of the dereliction but purely as a punishment (*American Men's & Boys' Cloth. Mfr. Assn.* v. *Proser, supra*), and (2) in any event, may a private corporation employ judicial process to compel its payment?

The right or power of a private corporation to impose a fine is one thing, and the right to sue thereon or to employ judicial process for its collection is quite another. And· if there is no remedy provided by statute to sue thereon, then its payment, if made at all, must necessarily be by the voluntary action of the member. (*Thomas* v. *Musical Mut. Prot. Union,* 121 N. Y. 45, 55.)

Where fines have been imposed as penalties by private corporations courts have refused to lend their aid to enforce them independent of statutory enactment (*Building Assn.* v. *Schuller, supra; Lincoln Bldg. & Sav. Assn.* v. *Graham, supra*), and, I think, that is the situation here.

Generally, where fines or penalties are imposed by public institutions or public officials, suit thereon may be maintained and is allowable usually by reason of express statutory permission, or on the theory that they become " debts of record," and, hence, suit may be brought as upon an implied contract. · (25 C. J. 1154, 1181, 1183.) But plaintiff is not within that category; it is purely a private corporation. No statute, so far as my research reveals, authorizes a suit by a private corporation like the plaintiff, to recover a fine or penalty which it imposes on a member, even if such fine be legally imposed by it (and I very seriously question the right of the plaintiff to impose a fine under the language of the by-law involved, which makes no reference to fines). In such a case the corporation must rely entirely for its collection and pay-

ment upon the voluntary action of the member and no judicial coercion can enter. (*Thomas* v. *Musical Mut. Prot. Union, supra.*)

As a matter of law, therefore, I cannot see that plaintiff can sue or maintain an action to recover the fine or penalty which, as a private corporation, it imposed on defendant as a member, aside from the element that it parted with no consideration for the checks. But even if it could sue, yet the defendant asserts, in opposition to the motion, that the alleged violation resulted from plaintiff's own misconduct, which, if proved, shows it to be guilty of a crime. (Penal Law, § 580.) Such proof alone would conclusively bar any recovery. Aside from this, the defenses of want of consideration and duress present triable issues of fact; that, of itself, is enought to require the denial of a motion for summary judgment, and, accordingly, this motion for summary judgment, upon this ground, as well as for the reasons hereinbefore given, is denied.