# Richmond

EDITH H. NESBIT v. JOHN GALLEHER.

November 20, 1939.

Record No. 2102.

Present, All the Justices.

*Charles G. Stone,* for the appellant.

*Burnett Miller,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

On January 5, 1937, John Galleher wrote Edith H. Nesbit requesting payment of a bill of $1,000 for legal services which he had performed for her during the year 1933. It is

agreed that the amount charged was fair and reasonable and was due and payable on January 24, 1934.

At the date of this letter Galleher was indebted to Edith H. Nesbit in the sum of $500, evidenced by a note payable to her order and due on March 31, 1937. This note she had endorsed and placed at a local bank for collection.

In response to Galleher's letter Edith H. Nesbit wrote him, under date of January 12, 1937, as follows: "Replying to your letter of the fifth, I can appreciate you will be at much expense running for office, and I wish you success. I couldn't find the amount of your fee in ready money, as my credit at the bank is taxed and I cannot anticipate my income, I can assume your note at this bank in payment of yours and my obligation. * * * "

So far as the record discloses no further verbal or written communications passed between the parties with reference to these matters until April 29, 1938, when Galleher filed against Edith H. Nesbit a notice of motion for judgment for the sum of $1,000, with interest from January 5, 1937, "subject to a credit of $500 on January 15, 1937" (sic), with costs.

Edith H. Nesbit filed a plea alleging that the claim was barred by the three-year statute of limitations. To this Galleher filed a replication averring that the above letter constituted a new promise in writing which repelled the bar of the statute of limitations under Code, section 5812, as amended.

Edith H. Nesbit also filed a plea of set-off in which she alleged that Galleher was indebted to her in the sum of $500, with interest from March 31, 1937, and an attorney's fee of 10% by virtue of the note above referred to, and prayed judgment over against him for that amount.

By consent of both parties all matters of law and fact were submitted to the court without a jury, which overruled the plea of the statute of limitations and entered judgment in favor of Galleher for $1,000, with interest from January 5, 1937, and costs, subject to a credit of $500 as of March 31, 1937, and an attorney's fee of $50.

To review this judgment, Edith H. Nesbit has been awarded the present writ of error. Her claim is that the lower court erred in holding that her letter constituted a sufficient new promise in writing to repel the bar of the statute of limitations. Consequently, she says, her plea of the statute of limitations against Galleher's claim of $1,000 should have been sustained and he should have recovered nothing of her, but that she should have recovered of him a judgment for $500, with interest, attorney's fee, and costs, admitted to have been due on the note.

If we conclude that the trial court was correct in holding that the Nesbit letter constituted a sufficient promise in writing to repel the bar of the statute of limitations, that disposes of the case, for then Galleher will have recovered the full amount due him by Edith H. Nesbit, and she in turn will have obtained full credit for the amount due her by Galleher on his note.

The material part of Code, section 5812, as amended by Acts 1930, ch. 213, p. 565, reads as follows: "If any person against whom the right shall have so accrued on an award, or any such contract, shall, by writing signed by him or his agent, promise payment of money on such award or contract, the person to whom the right shall have so accrued may maintain an action for the money so promised, within such number of years after such promise, as it might be maintained under section 5810, if such promise were the original cause of action. * * * An acknowledgment in writing from which a promise of payment may be implied shall be deemed to be such promise in the meaning of this section. * * * "

Since the letter before us contains no direct promise to pay the debt due Galleher, the question we have to decide is whether under the circumstances in which it was written it constitutes "An acknowledgment in writing from which a promise of payment may be implied."

Speaking of this phase of the statute, this court, through Judge Burks, said in *Dinguid* v. *Schoolfield,* 32 Gratt. (73 Va.) 803, 807, 808:

" * * * There is no doubt the plaintiff, to maintain the issue on his part, was bound to prove the promise alleged in his replication. He was not required to prove an express promise. It was sufficient for him, under the statute, to establish an acknowledgment in writing, from which a promise of payment might be implied. Code of 1873, ch. 146, section 10. Such acknowledgment, to be effectual, must not consist of equivocal, vague and indeterminate expressions; but ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable for and willing to pay. Story, J., in *Bell* v. *Morrison & others,* 1 Pet. 351, 362 [7 L. Ed. 174]. The same rule is laid down, with some variety of expression, by other judges. A distinct and unqualified acknowledgment would have the same effect as a promise, because from such an acknowledgment the law implies a promise to pay. Tindall, Ch. J., in *Linsell* v. *Bonsor,* 2 Bingh. N. Cas. 241 (29 Eng. C. L. R. 319). If an acknowledgment is relied on, says Judge Parker, it ought to be a direct and unqualified admission of a present subsisting debt, from which a promise to pay would naturally and irresistibly be implied. *Sutton* v. *Burruss,* 9 Leigh 381 [33 Am. Dec. 246]. If there be an unequivocal admission that the debt is still due and unpaid, unaccompanied by any expression, declaration or qualification indicative of an intention not to pay, the state of facts out of which the law implies a promise is then present, and the party is bound by it."

See also, *Rowe* v. *Marchant,* 86 Va. 177, 182, 9 S. E. 995.

In 1 Williston on Contracts (Rev. Ed.), section 166, pp. 552-553, the author says: " * * * it is well settled in most jurisdictions that 'an unqualified acknowledgment of present indebtedness * * * unaccompanied with any evidence showing a determination not to pay' is equivalent to a new promise."

See also, 17 R. C. L., section 248, pp. 889, 890; *Westminster Nat. Bank* v. *Graustein,* 270 Mass. 565, 170 N. E. 621, 628.

■ "The acknowledgment from which a promise may be implied need not be in any particular form or contain any particular substance; it is sufficient if the debt is acknowledged as an existing one, and a liability or willingness to pay it is inferable therefrom." 37 C. J., section 575, pp. 1107, 1108, citing *inter alia, Rowe* v. *Marchant, supra.* See also, 17 R. C. L., section 255, pp. 896, 897.

■ When the letter in question is analyzed in the light of these principles and the circumstances under which it was written, we think it is an acknowledgment from which a promise of payment may be implied. It was written in reply to the creditor's demand for payment. It contains no denial of the correctness of the amount or the fact that it is due. On the contrary, it impliedly admits the writer's liability for a subsisting debt which is due and expresses a willingness to pay. The inference is that the writer, realizing that the debt was just and due and that the creditor needed the money, contemplated borrowing the necessary funds to make payment, but since her credit at the bank was "taxed" and she could not "anticipate" her income, she had no "ready money" with which to pay at that time. There is no "expression, declaration or qualification indicative of an intention not to pay," nor is there any condition attached to the acknowledgment.

■ A clear acknowledgment of a debt coupled with a plea of poverty as a reason for delay in payment, is sufficient to repel the statute of limitations. 17 R. C. L., section 255, p. 897.

Counsel for the plaintiff in error admits that the letter constitutes an implied acknowledgment of the indebtedness. He insists, however, that it was not an unqualified acknowledgment; that when the writer said, "I can assume your note at this bank in payment of yours and my obligation," this constituted "an offer to settle and compromise" the $1,000 demand by "assuming or canceling" Galleher's $500 note to her which was at the bank for collection. In other words, the contention is that the writer merely offered to cancel the two claims by offsetting one against the other.

and that she did not imply that she was willing to pay Galleher anything then or at any future time.

The language just quoted must, of course, be read in connection with the rest of the letter. If the letter, taken as a whole, was merely a proposition to cancel the two debts by offsetting one against the other, why the necessity of the writer's attempting to "find the amount of your fee in ready money," either by borrowing or by anticipating her income? Such a settlement would require no cash expenditure on her part. Neither would Galleher realize therefrom any "ready money" which the writer "appreciated" he needed.

Taking the letter as a whole we think the writer meant that since she was unable to pay the $1,000 fee in cash at that time, she was willing to credit the $500 note in part payment thereof. This would help Galleher in that he would not have to raise the amount of the note in cash at its maturity, for when it became due she could notify the bank which held it for collection that she had "assumed" it, that is, had relieved Galleher of the necessity of paying it there.

We think the language relied on was not an offer of compromise but was merely an assertion of a cross-claim.

In 1 Williston on Contracts (Rev. Ed.), section 169, p. 557, it is said: "And the general view is that an unaccepted offer to compromise a claim barred by the Statute of Limitations does not constitute a sufficient acknowledgment to remove the bar. But if the debtor acknowledges the debt unqualifiedly, there seems no reason why a new promise should not be inferred from the acknowledgment merely because he asserts that he has a cross-claim. In effect the debtor thereby promises to pay the excess of the old debt over and above his own claim."

The trial court having properly held that the letter in question was a sufficient acknowledgment in writing to remove the bar of the statute of limitations, the judgment is affirmed.

Since there is no cross-assignment of error to the action of the trial court in allowing an attorney's fee to Edith H. Nesbit, we have not considered the propriety of such allowance.

*Affirmed.*