Matthew M. Levy, J.
It is alleged in the complaint that the plaintiff’s testator, who died December 21,1956, loaned a stated sum to the defendants which they agreed to repay on demand, and that at the time of the making of the loan, the defendants executed and delivered to the decedent their promissory note, dated September 6, 1950, for the amount of the loan, payable on demand. It is further alleged in the complaint that, on or about August 15, 1956, the deceased duly demanded repayment, and that the defendants, requesting an extension of time therefor, executed and delivered to the lender a writing to that effect. This suit by the lender’s executor was instituted more than six years after the date of the making of the loan *859 and of the note. The defendants move, in pursuance of rule 106 (subd. 4) of the Rules of Civil Practice, to dismiss the complaint as insufficient on its face, and, in pursuance of rule 107 (subd. 5), buttressed by a supporting affidavit, to dismiss the action as having been tardily instituted. Both applications are grounded on the contention that the action is barred by the Statute of Limitations (Civ. Prac. Act, § 48, subd. 1).
Insofar as the intrinsic sufficiency of the complaint is concerned, the motion is denied — and upon two grounds. Firstly, it is my opinion that a complaint is not subject to dismissal under rule 106 for insufficiency of the statement of a cause of action therein alleged on the ground that the cause is barred by the Statute of Limitations. The statute being an affirmative defense (Civ. Prac. Act, § 242), the objection must be pleaded affirmatively in the answer or must be taken by motion under rule 107 (First Nat. Bank of Genoa v. American Sur. Co. of N. Y., 239 App. Div. 282, 284). Secondly, aside therefrom, it is axiomatic that when a motion is made invoking rule 106, the complaint must be examined with a sympathetic eye, and every intendment and fair inference are in favor of upholding the sufficiency of the pleading (Bentrovato v. Crinnion, 206 Misc. 648, 654; Harrison v. Winchell, 207 Misc. 275, 278; Spring v. Moncrieff, 208 Misc. 671, 675; Goddard v. Gladstone, 4 Misc 2d 227, 229; 1010 Third Ave. Realty Corp. v. Leo-Ad Realty Corp., 5 Misc 2d 434, 435; Broder v. Brasselle, 7 Misc 2d 13, 16). From that stance, it is clear that the cause of action pleaded in the complaint is sufficient: Although an action on a contract obligation is barred unless instituted within six years of its accrual (Civ. Prac. Act, § 48, subd. 1), and it could therefore be urged that the suit here would (were there nothing else pleaded) come within the interdiction of the statute (Wheeler v. Warner, 47 N. Y. 519), there is the further allegation of the complaint (in par. “8”) that must be taken into account — and that is that the defendants in writing requested the decedent for more time within which to pay the obligation. That, I hold, is sufficient “acknowledgment or promise” to toll the Statute of Limitations (Civ. Prac. Act, § 59) —at least to the extent of saving the complaint from the condemnation that, as a matter of law, it is insufficient on its face.
We come now to that branch of the motion made in pursuance of rule 107, where affidavits are submitted and the facts are considered. In support of their application to dismiss under this rule defendants present a copy of the writing, dated August 15, 1956, addressed to the deceased and signed by the defendants, reading as follows:
*860 “ Been unable at the present time to meet my obligation on the note of September 1st, 1950.*
‘ * Please be so kind as to have a little more patience and to wait a little longer.
“ Best regards and good wishes.”
It is urged by the defendants that the cases require that an unconditional acknowledgment of the debt or an unconditional promise to pay it must be contained in the writing relied upon by the plaintiff to defeat the defense of the Statute of Limitations, and that if the borrower’s promise or acknowledgment be one to repay when he is able to do so, the lender must plead and prove such ability (Work v. Beach, 12 N. Y. S. 12, affd. 59 Hun 625, opinion in 13 N. Y. S. 678, affd. 129 N. Y. 651; Tebo v. Robinson, 100 N. Y. 27; Eppler v. Van Vleck, 16 N. Y. S. 2d 809, 810; Jandorf v. Freedman & Slater, Inc., 83 N. Y. S. 2d 331, 333). With that as a premise, the defendants argue that, in the case at bar, the writing signed by the defendants is conditional in that respect and that the plaintiff has failed to plead or prove that the defendants are able to meet the obligation sued upon. The precedents cited by the defendants do, indeed, tend to support the general principle of law, but the difficulty with the defendants’ contention is that, as I read it, the writing in the instant case is not couched in such terms as would bring the principle relied upon by the defendants or the authorities cited by them into effective play.
The parties have cited no New York cases squarely in point, and my own research has been equally unproductive. It has, however, been definitively held in a number of other jurisdictions that an unconditional promise to pay a debt or an acknowledgment of it accompanied by a statement of inability then to pay (as distinguished from an acknowledgment or a promise to pay conditional upon being able to do so) is sufficient to arrest the running of the statute (see, e. g., Quinlan v. Thompson, 152 Ill. App. 275; Nesbit v. Galleher, 174 Va. 143; Norton v. Shepard, 48 Conn. 141; First Cong. Soc. in Lyme v. Miller, 15 N. H. 520; Butterfield v. Jacobs, 15 N. H. 140; I. Bloom & Co. v. Kern, 30 La. Ann. pt. 2, 1263).
When the debtors here wrote of their “obligation”, that was an adequate acknowledgment of the existence of the debt. The fact that they also said that they were ‘6 unable to meet ’ ’ the obligation at the time and asked for “ more patience ” does *861 not vitiate the force of the acknowledgment. It is my view that for the defendants to have destroyed the self-executing effect of the express recognition of their obligation, they should, at the same time, also have imposed an express condition to the payment of that obligation. This they did not do.
The motion is denied in all respects, and an order has been entered accordingly.

 ít is to be observed that the note is dated September 6, 1950 and the writing refers to the note of September 1, 1950. No point is made of this by counsel, and I assume that there is only one note and one obligation and •that this is a scrivener’s error.