Bookwell D. Colaneri, J.
The plaintiff is a membership corporation which is the record owner of certain roads and rights of way, in the Incorporated Village of Lloyd Harbor. The members of the plaintiff corporation are some, if not all, of the property owners of a subdivision known as map of Quail Hill, which map was filed in the Suffolk County Clerk’s office as map number 3530 on March 28,1962.
The developer and subdivider of the property was a business corporation known as Panfield Corporation and at some time subsequent to March 28, 1962 the said business corporation conveyed title to the roads and rights of way to the plaintiff mem *683 bership corporation. The said business corporation conveyed titles to the individual plots subject to covenants and restrictions which were imposed on each individual plot. The pertinent covenant and restriction in this case involve an obligation on the part of the grantee or any subsequent grantees or holders of title to pay for the maintenance and repair of two private roads in the development. One road is called Oak Hill Boad and the second road is called Oak Lane. The obligation is imposed on each individual property owner and the obligation runs from the property owner to the plaintiff, which became the successor in interest to Panfield Corporation.
The annual rate of assessment is set forth in deeds (which will be referred to later) as $25 per acre of land owned by the property owner, per annum. The covenants and restrictions also provide for a penalty charge should the property owner fail to pay the assessment when assessed.
The defendant purchased Plot No. 6 in the subdivision in 1962 and received a deed from Nilsen Realty Corp. dated April 30, 1962. The deed was duly recorded in liber 5160 at page 459' in the Suffolk County Clerk’s office on May 4,1962.
The said deed contained the following provisions:
“ Together with an easement to and from Southdown Boad, over Quail Hill Road in common with other owners of lots abutting on said Quail Hill Road.
“ Together with rights of easement and subject to the covenants and restrictions contained in a certain deed made by Pan-field Corporation to Salvatore Giordano, dated May 28,1952 and recorded in the Office of the Clerk of Suffolk County, in Liber 3559, page 469.
‘ ‘ also under and subjeot to the covenants and restrictions contained in a certain deed made by the said Salvatore Giordano to Walter Nilsen, the party of the first part, dated February 16, 1962 and recorded on February 21, 1962 in the Office of the County Clerk of Suffolk County in Liber 5129 at page 285. ’'
There is a typographical error in the deed to the defendant, in that reference is made to liber 3559 and should be to liber 3359. Since the said deeds (liber 3359 page 469 and liber 5129 page 285) are public records, the court takes judicial notice of the contents of each. Both of the above deeds impose upon the property owner the obligation of paying the prorata share of the road maintenance expenses with the penalty clause for nonpayment.
There is no question in the court’s mind that the defendant had adequate notice of the deed covenants and restrictions as set forth, and further, the defendant assumed the obligations *684 imposed by these deeds by signing and executing the deed which was delivered to him. By signing his deed in this manner the plaintiff assumes the obligation. The obligation to pay runs with the land, and becomes a lien against the property.
The defendant never paid any of the assessments from the time that he took title. The plaintiff sued the defendant in the year of 1970 to recover the assessments plus penalties and interest. The amount sued for is $765.84 and includes eight years of charges at $54.10 per year amounting to $432.80 and penalties amounting to $333.04. The amounts are proper and the court so finds. The defendant argued during the course of the trial that he did not use the roads on which maintenance was required because he used another road on which his property bordered and which was owned and maintained by another association called the Quail Hill Association. The defendant further argued that he received a notice from plaintiff that unless he paid a road assessment ‘ ‘ by August 15th you will be dropped from the membership of the Association,” defendant’s argument being that since he was dropped from the membership, he no longer need pay the assessment.
The court finds otherwise, however. The issues in this matter were decided in the case of Patchogue Props. v. Cirillo (54 Misc 2d 863, affd. by the Appellate Term in 60 Misc 2d 71). The case is almost identical with the facts in the instant matter and was decided in 1967 by a Judge of this court, Hon. Ernest L. Signorelli. The holding in the Patchogue Props, case is predicated on an implied agreement to pay. Judge Signorelli stated (p. 864) that ‘ ‘ when an individual, knowing of the private nature of the community purchases a parcel of property, he impliedly consents to pay for the charge imposed for services and maintenance. The physical layout of the community is sufficient notice to the defendant of its private nature.”
In Sea Gate Assn. v. Fleischer (211N. Y. S. 2d 767, 781) it was held by Justice Di Giovanna : ‘ ‘ The court is of the opinion that when the defendants undertook to purchase property in this community they impliedly accepted an offer by the plaintiff to care for the streets, to provide policemen, to provide lights, to provide beach facilities, to provide a sewage system, and to provide other services necessary to the well-being of a community and that when they impliedly accepted such offer they impliedly agreed to pay a proportionate share of the cost therefor. * * *
‘ ‘ Such implied agreement is one implied in fact. It requires the defendants to accept the terms offered by the plaintiff. The purchase of the property by the defendants constitutes such *685 acceptance. Such terms included the obligation to pay a proportionate share of the cost of maintaining the facilities and services and not merely the reasonable value of such facilities and services to the defendants as measured by the use made by them of such facilities and services. ’ ’
The court raised the issue of Statute of Limitations barring some of the annual maintenance charges prior to August 26,1964. This suit was commenced on August 26, 1970. It is well-settled statutory law and case law that the Statute of Limitations be pleaded as an affirmative defense. The defendant, merely interposed a general denial. Hence, the defendant cannot avail himself of this defense. (CPLR 3018, subd. [b]; Dunning v. Dunning, 275 App. Div. 884, affd. 300 N. Y. 341; Lindlots Realty Corp. v. County of Suffolk, 278 N. Y. 45; Goff v. George, 31 A D 2d 579; Mesiano v. Mazzeo, 12 Misc 2d 858.)
Another issue which this court raised after the trial of the action was the propriety of ‘ ‘ penalizing ’ ’ the defendant for nonpayment. The by-laws of the plaintiff corporation and indeed the covenants and restrictions themselves provide for 5% per annum penalty after a default of 30 days and an additional penalty of 1% per month for each month of default thereafter. A reading of section 20 of the Membership Corporations Law indicates that the plaintiff corporation has the power and authority to do this, provided that such provision is contained in its charter and/or by-laws. The court finds that the penalty provision was contained in the plaintiff’s by-laws and is evidenced by the complete recitations of the by-laws in the covenants and restrictions contained in the deeds in the defendant’s chain of title. “ Fines can be imposed only when expressly authorized by statute, by the charter or by the by-laws.” (Merchants Ladies Garment Assn. v. Coat House of William M. Schwartz, 152 Misc. 130; see, also, Colodney v. New York Coffee & Sugar Exch., 4 A D 2d 137, affd. 4 N Y 2d 698.)
Section 507 of the Not-for-Profit Corporation Law on September 1,1970 also provides for penalties. The defendant could dispute the penalty as being unreasonable, but the court finds that the imposition of the penalty in the instant case is entirely reasonable. Since the defendant impliedly bound himself to pay the maintenance charges, he also impliedly bound himself to pay the penalties.
Judgment for the plaintiff against the defendant in the sum of $765.84 together with the costs of this action, but no interest.