OPINION OF THE COURT
Stanley Gartenstein, J.
The sheer indignity of Mr. P.’s predicament generates sympathy, perhaps wistful longing for days when life was simpler. Nevertheless, the court concludes that he is trying to have his cake and eat it too.
Mr. P. is charged with being the father of the infant Kenya Monique, born on July 15, 1977. He has interposed the Statute of Limitations as an affirmative defense. Briefly summarized, the relevant statute imposing a period of limitations in filiation proceedings establishes a two-year maximum within which proceedings may be brought unless paternity has been acknowledged in writing or under other circumstances not relevant here (Family Ct Act, § 517, subd [a]).
A simple computation leads to the inescapable conclusion that unless this matter is somehow taken out of the operation of the Statute of Limitations, it must serve as a complete defense.
*826 Respondent is in the unfortunate position of having filed a tax return with the United States Internal Revenue Service claiming the very child in issue as an exemption for the taxable year 1977. He claims that this filing:
(A) was nullified by a superseding tax return when the exemption was disallowed by IRS;
(B) did not qualify as an acknowledgment within the statute because not accompanied by his appearance and allocution before a notary public;
(C) cannot be considered because of the IRS-taxpayer privilege.
These contentions are rejected. We hold as a matter of law that a claim for exemption of the subject child, even if subsequently disallowed, constitutes an acknowledgment within the statute sufficient to take the case out of the operation of the Statute of Limitations. It is settled law that while a document of legal import may be withdrawn or superseded where allowed or mandated by law, said withdrawal does not nullify admissions contained therein which survive for their evidentiary value. (Vermeule v City of Corning, 186 App Div 206, affd 230 NY 585; Standard Oil Co. of N. Y. v Boyle, 231 App Div 101.) Moreover, turning to respondent’s other claim, we further hold that statutory use of the term “acknowledge” or any of its grammatical derivatives does not contemplate the formalism of appearance before a notary, but is to be taken in its lay or ordinary sense. (Sanderson v Sanderson, 237 NYS2d 922 [recognizing validity of simple letter as valid acknowledgment removing case from Statute of Limitations; revd on other grounds]; Mesiano v Mazzeo, 12 Misc 2d 858.) This principle was clearly articulated in Schuerf v Fowler (2 AD2d 541, 542) in which the Appellate Division, First Department, held: “We construe the law to require a clear acknowledgment about which there is no doubt or equivocation. That does not mean that the acknowledgment would have to be in any precise words, but it should be clear and definite on the face of the writing or in its context.”
A claim of exemption contained in a tax return reaches the mandated level of clarity and is sufficiently definitive to satisfy this standard.
*827 Finally, we reject as without merit the claim of privilege. The direction to produce copies of tax returns and introduction thereof into evidence is common practice. Manifestly, the statutory protection extends solely to acts of disclosure by the Internal Revenue Service itself and to no others. (United States Code, tit 26, § 6103.)
Historic perspective yields the simple conclusion that the Statute of Limitations, unknown at common law (cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01) was formulated in recognition of the reality that the relevance and probity of evidence tends to become weaker with the passage of time. Thus, to lure a party, who has a legitimate defense into allowing his evidence to become stale simply by giving a litigious plaintiff the advantage of choosing the best strategic moment to mount his attack would work a substantial injustice (1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01). This philosophy clearly may be distinguished from the matter at bar where respondent himself was first in efforts to take advantage of the existence of this child and his status as her father. His legal position not only does violence to the philosophy underlying the Statute of Limitations but is morally questionable to an extent where it borders on estoppel.
Petitioner’s counsel has served a notice to produce copies of various tax returns filed by respondent. This notice has been challenged orally in open court. We uphold the validity of the notice and reject the challenge thereto. Failing production of the returns in question, the court will accept secondary evidence of their contents including but not limited to petitioner’s testimony and respondent’s statements (sworn or unsworn as the record may indicate) in open court.