## CIRCUIT COURT OF LOUDOUN COUNTY

J. B. Pearson

v.

Mark E. Gurevitz and
Joette D. Gurevitz

### Case No. (Law) 12279

August 22, 1994

*Stipulation of Facts*

Comes now the parties, by counsel, who represent to this Court that the following facts of this case are not in dispute.

(1) The parties entered into an oral contract for the construction of a dwelling upon property owned by the Defendants Gurevitz.

(2) The following dates chronicle the relationship between the parties:

| | |
|---|---|
| (a) Date of Oral Contract | November, 1984 |
| (b) Date of Commencement of Work | January 9, 1985 |
| (c) Date of Last Payment by Owners | December 13, 1985 |
| (d) Date of Cessation of Work | December 17, 1985 |
| (e) Date Suit was Filed | March 25, 1991 |

(3) The total amount paid by Gurevitz was $24,000.00 leaving a balance of $15,667.43.

(4) Some time in the summer of either 1987 or 1988, Joette Gurevitz wrote a letter to Pearson requesting a compromise of the amount remaining owing. A copy of that letter is attached hereto.

Dear Joe,

First, we want you to know that we would like to settle with you. However, our budget won't allow us payments of 10% on $16,000.00 @ $135.00 per month, which is interest only. We want to pay you and not place a financial burden on us that we can't handle.

Since we last talked we have made some inquiries and would like to offer you $8000.00. We realize that this is not what you asked for, but you would get cash now and not have to wait for payments, and we won't be pushed beyond our financial limits.

If this is something we can work out, let us know.

Sincerely,

Joy

September 6, 1994

### BY JUDGE JAMES H. CHAMBLIN

This action at law was tried without a jury on August 24, 1994. In this suit upon an oral contract for the construction of a dwelling, the issues are (1) whether a letter written by Mrs. Gurevitz constitutes a promise to pay under Virginia Code § 8.01-229(G)(1), (2) whether the letter was written in 1987 or in 1988, and (3) if it is a promise to pay, whether under § 8.01-229(G)(1), the applicable statute of limitations is the three-year statute for an oral contract or the five-year statute for a written contract.

After consideration of the evidence and the argument of counsel and for reasons that follow, I find that the letter is not a promise to pay within the purview of § 8.01-229(G)(1); that the letter was written by Mrs. Gurevitz in the summer of 1987; and that the three-year statute of limitations is applicable to the plaintiff's claim. Accordingly, judgment is granted to the defendants.

#### Promise to Pay

The facts essential to this issue were stipulated to by the parties as set forth in the Stipulation of Facts. The letter was also admitted in evidence as Plaintiff's Exhibit 1. Also, at the time the letter was written, the work on the dwelling was not completed, some of the work had been done incorrectly, and there were other problems with the construction of the house.

The letter is not an unequivocal admission of the debt owed to Mr. Pearson. The letter is an offer to settle his claim. The references in the letter to a settlement offer ("We would like to settle with you"; "would like to offer you $8,000.00"; "If this is something we can work out, let us know") negate any inference that phrases such as "we want to pay you" and "our budget won't allow us payments of 10% on $16,000.00" acknowledge the debt and constitute a claim of poverty. An unaccepted offer to compromise a claim barred by the statute of limitations does not con-

stitute a sufficient acknowledgment to remove the bar. *Nesbit v. Gallaher*, 174 Va. 143, 150 (1939).

I do not agree that the letter constitutes an unqualified, unconditional, implied acknowledgment of the debt as in *Ford v. Sweet*, 224 Va. 374 (1982). Here, Mrs. Gurevitz questioned the debt, and her offer to pay about one-half the debt was an offer to pay less than the debt owed.

Because the letter (whether written in 1987 or 1988) is not a promise to pay within § 8.01-229(G)(1), the three-year statute of limitations ran in December, 1988, and the plaintiff's claim is barred.

### When the Letter Was Written by Mrs. Gurevitz

I find from the evidence presented that Mrs. Gurevitz wrote the letter (Plaintiff's Exhibit 1) in the summer of 1987. The defendants offered evidence of more contemporaneous events from which to determine when the letter was written. The defendants had secured estimates to complete the work from other contractors in the spring of 1987, had secured a second deed of trust on the property in the sum of $9,000.00 to $12,000.00 in June, 1987, and had a checking account balance of about $9,000.00 in September, 1987 (and a balance of about $2,400.00 in July, 1988).

The plaintiff's evidence of the letter being written in the summer of 1988 consisted of Mr. Pearson's testimony that his wife, Gail, wrote in reply to Mrs. Gurevitz's letter an undated letter (Plaintiff's Exhibit 2) immediately after receiving Mrs. Gurevitz's letter, Mrs. Pearson's testimony that Mrs. Gurevitz's letter came in the summer in 1988, and she wrote her letter to the defendants the same summer because it was the summer their daughter graduated from high school and was going off to college. Their daughter attended a private high school, and the defendants would go for months without hearing from Mr. Pearson. I feel that it is just as likely that Mrs. Pearson wrote her letter in 1987 after receiving Mrs. Gurevitz's letter in the summer of 1987 as after receiving it in the summer of 1988. The reference to their "daughter's education" in the letter could refer to high school as well as college, and the reference to "facing college" could have been written in the summer of 1987 after their daughter's junior year.

Because Mrs. Gurevitz wrote the letter in the summer of 1987, even if it were considered a promise to pay, the three-year statute of limitations (which is applicable for reasons set forth hereafter) had run when the suit was filed in March, 1991, and the plaintiff's claim is barred.

## Statute of Limitations

A promise to pay under § 8.01-229(G)(1) merely extends the limitation period by allowing the action to be maintained within the number of years after such promise as it might have been maintained "if such promise were the original cause of action." It does not mean, as the plaintiff contends, that the written promise becomes a cause of action, and, therefore, the five-year statute of limitations applies. It means that the limitation period for the original cause of action is deemed to have started at the time of the subsequent written promise. The promise merely fixes a new period from which the statute of limitations will begin to run on the old promise. This is based on the legal principle that a statute of limitations does not extinguish an old debt but merely bars recovery thereon. *Ingram v. Harris*, 174 Va. 1, 5 (1939).

In this case, therefore, the applicable statute of limitations is, and always will be, three years because the debt arises out of an oral contract.